EXHIBIT A

xxx

CA Form 1

# Superior Court of the District of Columbia

### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

James Mason

*Plaintiff*

vs.                                                          Civil Action No. 06CA3921

Davita, Inc.                    *Defendant*

## SUMMONS

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

David A. Branch
Name of Plaintiff's Attorney

1825 Connecticut Ave, NW, Suite 690                    By _____
Address                                                                  Deputy Clerk
Washington, D.C. 20009

(202) 785-2805                                              Date _____
Telephone

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456(May 03

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
CIVIL DIVISION

JAMES MAQSON
    Vs.                        C.A. No.     2006 CA 003921 B
DAVITA INC

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge NEAL E. KRAVITZ
Date:   May 19, 2006
Initial Conference: 9:30 am, Friday, August 25, 2006
Location:   Courtroom 415
           500 Indiana Avenue N.W.
           WASHINGTON, DC  20001

Caio.doc



# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION



JAMES MASON                                )
717 Ingraham Street, NW                    )
Washington, D.C. 20012                     )
                                     )   Civil Action No.:
              Plaintiff,                   )
                                     )
      v.                                   )
                                     )
DAVITA INC.                                )
601 Hawaii Street                          )
El Segundo, CA 90245                       )
                                   )   Jury Trial Demand
           Defendant.                       )

## COMPLAINT

Comes now Plaintiff James Mason, by and through counsel, and sues Defendant Davita Inc., and for his complaint states as follows.

## JURISDICTION and VENUE

1.    This Court has jurisdiction over the subject matter of this complaint pursuant to D.C. Code Ann. Section 11-921.

2.    Venue is proper in this court in that the events giving rise to Mason's claims occurred here in the District of Columbia, and the Defendant has operations within the District of Columbia.

## PARTIES

3.    Mason is a citizen of the United States and a resident of the District of Columbia.

4.    Davita is a corporation with operations within the District of Columbia. Davita manages, operates, and owns dialysis facilities throughout the United States.



## FACTUAL ALLEGATIONS

5.     Mr. Mason, an African American male, is an eleven year employee of Davita. He is currently a Patient Care Therapist, responsible for performing dialysis training and patient education. Throughout his employment with Davita, Mr. Mason has been an exemplary employee, and has received the highest award for being the overall best patient care therapist.

6.     In September/October 2005, Davita announced that it was seeking to hire individuals for pharmaceutical sales positions to sell dialysis medication. The individuals selected would have to be available for reassignment anywhere in the United States. In December 2005, Mr. Mason applied for a position at Davita in pharmaceutical sales under an open vacancy announcement. The pharmaceutical sales position had income position of almost twice Mr. Mason's approximate $35,000. Mr. Mason and a Caucasian coworker applied for the openings at the same time. The Caucasian co-worker was an administrative assistant, with no experience in sales or training. The selection process consisted of an online application, a phone interview and an in-person interview in California. Mr. Mason was interviewed by Kim Eastland, a Caucasian female. Mr. Mason proceeded beyond the telephone interview but was not offered an in person interview in California. Eastland was based in California but had an office in Richmond. Mr. Mason was unable go to the in-person interview because of a conflict with his work schedule. Mr. Mason never received a call from Eastland to reschedule, and had to call her to follow up on the selection process.

2

7.      On January 6, 2006, Mr. Mason received an email indicating the positions had been filled and he had not been selected. Defendant continued to advertise for position openings in Philadelphia, Pennsylvania, and St. Louis, Missouri. Mr. Mason reported this information to his Caucasian co-worker, who had applied for a position at the same time as Mr. Mason. The co-worker received an offer for a pharmaceutical sales position and believed Mr. Mason was more qualified than he was. The co-worker was surprised to hear that the positions were filled because he knew that the individuals selected for the positions could not designate their geographical area and Defendant was still looking to fill positions on the East coast.

8.      Mr. Mason filed an internal complaint with Davita alleging discrimination based on race in the hiring process. An individual in the Davita human resources department interviewed Mr. Mason. The human resources employee discouraged Mr. Mason from pursuing a claim and suggested that Eastland may have assumed that Mr. Mason was not an employee of Davita. Mr. Mason rejected this excuse and decided to proceed with his internal EEO complaint.

9.      Mr. Mason was later contacted by Eastland's supervisor. Eastland's supervisor stated that Davita was not pleased with Eastland's hiring practices and offered to interview Mr. Mason once again. Mr. Mason agreed to the second interview to give Davita an opportunity to correct a wrong. Mr. Mason conducted a second interview, and once again he was denied a position. Eastland's supervisor claimed that Mr. Mason barely missed the cut off for selectees. Mr. Mason communicated with other minority employees at Davita from Washington, D.C., including an African American and an individual of Philipino descent who applied for pharmaceutical sales positions. Neither

3

was hired. The Philipino employee received a telephone message from Eastland's supervisor with the identical language he used in rejecting Mr. Mason for the position. Davita failed to acknowledge that the African American employee applied for the position. Davita has a history of discriminatory practices in neglecting upkeep of facilities in minority neighborhoods, and discrimination in its hiring process and has intentionally rejected employees who work in minority locations for positions in pharmaceutical sales.

## COUNT I

### Violation of District of Columbia Human Rights Act
### Discrimination

Mason adopts by reference each of the allegations in the paragraphs above.

9.      At all pertinent times, Davita was an employer subject to provisions of the D.C. Human Rights Act, 2-1401 et seq., of the District of Columbia Code.

10.     At all pertinent times, Plaintiff Mason was an employee entitled to protection under the D.C. Human Rights Act.

11.     The D.C. Human Rights Act prohibits discrimination in employment based on an individual's race.

12.     Defendant, in violation of the D.C. Human Rights Act, knowingly and intentionally engaged in unlawful discrimination by denying Mason an in-person job interview and selection to the pharmaceutical sales position based on his race. Defendant has also engaged in a pattern and practice of discrimination against minorities for promotions when the minorities work in centers or facilities which serve the minority population.

4

13.    Defendant had no legitimate business reason for any such acts.

WHEREFORE, Plaintiff Mason prays:

A.    Enter judgment against the Defendant,

B.    That the court award to Mr. Mason placement into the sales position and

damages in an amount equal to all of his accumulated lost wages and benefits,

including back pay, front pay and benefits; compensatory damages and

punitive damages for the financial and emotional harm caused by Defendant,

including prejudgment and post-judgment interest and any other damages

permitted under the D.C. Human Rights Act;

C.    Award payment of all fees, costs, expenses, including attorney's fees and

expert fees;

D.    That the Court award Mr. Mason such other relief as to which he may be

deemed entitled.

Respectfully submitted,

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C.  20009
(202) 785-2805 phone
(202) 785-0289 fax

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all counts.