UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JAMES MASON
717 Ingraham Street, NW
Washington, DC 20012,

    Plaintiff,

v.

DAVITA INC.
601 Hawaii Street
El Segundo, CA 90245

    Defendant.

C.A. No. 1:06CV01319

## ANSWER OF DEFENDANT DAVITA INC.

  Defendant DaVita Inc., by its undersigned counsel, for its Answer to the Complaint, states as follows:

  1. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332. Except as expressly admitted, Defendant denies any and all remaining allegations contained in Paragraph 1.

  2. Defendant admits that venue is proper in this district. Except as expressly admitted, Defendant denies any and all remaining allegations contained in Paragraph 2.

  3. Defendant admits the allegations of paragraph 3.

  4. Defendant admits the allegations of paragraph 4.

## FACTUAL ALLEGATIONS

  5. Defendant admits that Plaintiff is an African-American male who has been employed by Defendant since 1996. Defendant is currently employed by Defendant as a Patient

Care Therapist at Defendant's facility located in Washington D.C. Defendant further admits that Plaintiff's job performance in this position has met or exceeded expectations and that he has been commended for his performance. Except as expressly admitted, Defendant denies any and all remaining allegations contained in paragraph 5.

6. With regard to the first sentence of paragraph 6, Defendant admits that in late fall 2005, Defendant announced that it was seeking to fill Pharmacy Services Representative (PSR) positions to promote the DaVita Rx service to patients, teammates and physicians. Defendant denies the allegations of the second sentence of paragraph 6. With regard to the third sentence of paragraph 6, Defendant admits that Plaintiff submitted his resume to Defendant for a PSR position on November 30, 2005. Defendant denies the allegations of the fourth sentence of paragraph 6. With regard to the fifth sentence of paragraph 6, Defendant admits that Christopher Jones (caucasian), an Administrative Assistant working at the same Washington D.C. facility as Plaintiff, also applied for a PSR position at around the same time. Defendant denies the allegations of the sixth sentence of paragraph 6. In response to the allegations of the seventh sentence of paragraph 6, Defendant admits that the application process for the PSR position generally consisted of the submission of an application or resume, a phone interview, an in-person interview with the PSR Manager, and an in-person interview in California with other DaVita Rx managers.

In response to the allegations of the eighth sentence of paragraph 6, Defendant admits that Kim Easlon, the PSR Manager responsible for the region, interviewed Plaintiff by telephone. In response to the allegations of the ninth sentence of paragraph 6, Defendant admits that at the conclusion of the telephone interview, Ms. Easlon informed Plaintiff that she would be at Defendant's facility in Richmond, VA in several days, and invited Plaintiff for an in-person

interview with her at that time. Defendant denies the allegations contained in the tenth sentence of paragraph 6.

In response to the allegations of the eleventh sentence of paragraph 6, Defendant admits that Plaintiff stated that he could not go to this interview due to scheduling issues. Accordingly, Ms. Easlon informed him that she would have to reschedule his appointment after the first of the year, 2006. In response to the allegations of the twelfth sentence of paragraph 6, Defendant admits that Ms. Easlon did not call Plaintiff to reschedule, but denies that Plaintiff called Ms. Easlon to follow up.

Except as expressly admitted, Defendant denies any and all remaining allegations contained in paragraph 6.

7.    In response to the allegations of the first sentence of paragraph 7, Defendant admits that Ms. Easlon informed plaintiff by e-mail on January 9, 2006, that she had filled the position that was available for Washington D.C. In response to the allegations of the second sentence of paragraph 7, Defendant admits that it continued to search for candidates to fill PSR positions in Philadelphia, Pennsylvania and St. Louis, Missouri, and in fact hired <u>two African-American individuals to fill both of those positions</u>. Defendant has insufficient information to admit or deny the allegations of the third sentence of paragraph 7, and therefore denies same. In response to the allegations of the fourth sentence of paragraph 7, Defendant admits that it hired Christopher Jones, a caucasian, for the D.C. PSR position. Except as expressly admitted, Defendant denies any and all remaining allegations contained in paragraph 7.

8.    In response to the allegations of paragraph 8, Defendant admits that Mr. Mason filed a internal complaint concerning Ms. Easlon's decision not proceed further with his application, that a human resources manager called to speak with him about his complaint, and

that an investigation was conducted. Except as expressly admitted, Defendant denies any and all remaining allegations contained in paragraph 8.

9. In response to the allegations contained in the first sentence of paragraph 9, Defendant admits that, Josh Golomb, Ms. Easlon's supervisor, contacted Plaintiff after he filed his internal complaint. In response to the allegations contained in the second sentence of paragraph 9, Defendant admits that Mr. Golomb offered to interview Plaintiff by telephone for positions outside of Washington, D.C. Mr. Golomb offered this interview not because any discriminatory conduct had occurred, but because Mr. Golomb felt that Ms. Easlon should have acted more promptly and clearly in informing Plaintiff that he was not going to move forward in the application process after the first telephone interview. In addition, although it was not Defendant's practice to fill PSR positions with people who would have to relocate for the position, Defendant was willing to consider making an exception for Plaintiff.

Defendant has insufficient information to form a belief as the truth of the allegations contained in the third sentence of paragraph 9, and therefore denies same. In response to the allegations contained in the fourth sentence of paragraph 9, Defendant admits that Mr. Golomb interviewed Plaintiff by telephone and, based on his performance in the interview and the fact that he was ninety minutes late for the interview, decided not to proceed further with Plaintiff's application.

Except as expressly admitted, Defendant denies any and all remaining allegations contained in paragraph 9.

## COUNT I

### Violation of District of Columbia Human Rights Act

#### Discrimination

Defendant incorporates and relies upon the responses and denials set forth in paragraphs 1-8 of this Answer as if set forth in full herein.

9. Defendant admits the allegations contained in paragraph 9.

10. The allegations in paragraph 10 are Plaintiff's legal conclusions as to which no response is required. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

11. The allegations in paragraph 11 are Plaintiff's legal conclusions as to which no response is required. To the extent that anything therein is construed as a factual allegation of liability on Defendant's part, Defendant denies said allegations.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of the Complaint or to any other relief.

15. Any allegation not previously admitted or denied is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant asserts the following affirmative and other defenses:

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND DEFENSE

To the extent that Plaintiff has failed to mitigate the alleged money damages to himself, he is barred in whole or and in part from recovering any damages from Defendant.

## THIRD DEFENSE

Plaintiff is not entitled to relief relating the alleged racial discrimination because Defendant exercised reasonable care to prevent and correct promptly any allegedly racially discriminatory behavior.

## FOURTH DEFENSE

Plaintiff is not entitled to damages because Defendant had legitimate and lawful reasons for not offering Plaintiff the position for which he applied.

## FIFTH DEFENSE

All actions taken by Defendant were in good faith and for legitimate business reasons.

## SIXTH DEFENSE

Plaintiff is not entitled to attorneys' fees, expert fees, or costs under the circumstances of this case.

## SEVENTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendant did not act with malice or reckless indifference towards Plaintiff.

## EIGHTH DEFENSE

Defendant reserves the right to assert other affirmative or other defenses with regard to some or all of Plaintiff's causes of action.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that it be awarded its fees and costs and such other relief as the Court may deem appropriate.

Date:   August 2, 2006

Respectfully submitted,

_____/s/_____
Minh N. Vu, Esq. (Bar No. 444305)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Washington, D.C. 20037
Tel: (202) 861-0900
Fax: (202) 296-2882

Counsel for Defendant DaVita Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was served August 2, 2006, by first class mail, postage prepaid, upon the following:

David A. Branch, Esq.
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, NW
Suite 690
Washington, DC 20009

Counsel for Plaintiff

_____/s/_____
Minh N. Vu