IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MASON,<br><br>    Plaintiff,<br><br>v.<br><br>DAVITA INC.,<br><br>    Defendant. | Civil Action No. 06-1319 (RMC) |

### JOINT LCvR 16.3(d) REPORT, PROPOSED DISCOVERY PLAN, AND STATEMENT OF THE CASE

Pursuant to LCvR 16.3(c) and the Order for Initial Scheduling Conference, plaintiff James Mason ("Plaintiff"), and defendant DaVita Inc., by their counsel, jointly submit this report setting forth (1) a brief statement of the case and the statutory basis for all causes of action and defenses; and (2) the results of their conference under LCvR 16.3(c)(1), and their proposed discovery plan.

**I. STATEMENT OF THE CASE/STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES**

<u>Plaintiff's Statement</u>. The Plaintiff, James Mason, an African American male, is employed with Defendant DaVita as a patient care therapist in Washington, D.C. with superior performance reviews and performance awards. In September 2005, Davita sought to fill pharmaceutical sales positions nationwide. Mr. Mason was interviewed for one of the positions by a Caucasian female. After the interview she did not contact Mr. Mason until he contacted her, and she later falsely stated to Mr. Mason that the positions had been filled. Mr. Mason's colleague, a Caucasian male who was employed as an administrative assistant, was hired for one of the sales positions, and informed Mr. Mason that the company was still seeking applicants.

DC:745543v2

Mr. Mason filed an internal complaint and was given a second interview by the Caucasian female's supervisor, a Caucasian male, and was told on the second interview that he barely missed the cut-off for the selection. Mr. Mason alleges that the Defendant discriminated against him on the basis of his race in failing to consider and hire him for one of the sales positions in violation of the D.C. Human Rights Act.

Defendant's Statement. Defendant denies that Mr. Mason's race played any role in its decision not to hire him for a Pharmacy Services Representative (PSR) position. In late fall 2005, Defendant was seeking one person to fill a PSR position in the Washington D.C. area to promote the DaVita Rx service to patients, teammates, and physicians. DaVita was also seeking candidates to fill positions in other parts of the country at this time. Mr. Mason, who is located in Washington, D.C., applied for a PSR position in late November 2005 and had a phone interview with the PSR Manager, Kim Easlon, in December 2005. Ms. Easlon invited Mr. Mason for an in-person interview with her in Richmond, Virginia, but Mr. Mason was not available for the date on which she would be in town. The PSR Manager stated that she would have to reschedule his appointment after the first of the year.

In the meantime, Christopher Jones, a colleague of Mr. Mason's, also applied for the PSR position. After a phone interview, he had an in-person interview with Ms. Easlon in Richmond. Ms. Easlon found Mr. Jones to be an outstanding candidate and ultimately hired him in early January 2006 for the PSR position in Washington, D.C. After Mr. Jones started his new job, Mr. Mason followed up with Ms. Easlon who told him that the position had been filled. Mr. Mason then filed an internal complaint of race discrimination. At no time prior to this complaint did Ms. Easlon know that Mr. Mason is African-American. Defendant investigated the complaint and determined that no racial discrimination had occurred. However, because Mr. Mason had

stated in the investigation that he was willing to take a position anywhere in the country, Ms. Easlon's supervisor, Josh Golomb, decided to interview Mr. Mason himself by telephone. Mr. Mason was substantially late for the call and, in Mr. Golomb's judgment, not a good candidate. Accordingly, Defendant did not offer him a PSR position.

Defendant vigorously denies that it discriminated against Mr. Mason because he is African-American. In fact, Ms. Easlon and Mr. Golomb hired two African-American individuals for other positions on the East Coast within months of Mr. Mason's application. In its Answer, Defendant asserts as its affirmative and other defenses that (1) Mr. Mason's Complaint fails to state a claim upon which relief may be granted; (2) Mr. Mason's damages are limited to the extent that he failed to mitigate his damages; (3) Defendant exercised reasonable care to prevent and correct promptly any allegedly racially discriminatory behavior; (4) Defendant had legitimate and lawful reasons for not offering Plaintiff the position for which he applied; (5); All actions taken by Defendant were in good faith and for legitimate business reasons; (6) Plaintiff is not entitled to attorneys' fees, expert fees, or costs under the circumstances of this case; (7) Plaintiff is not entitled to punitive damages because Defendant did not act with malice or reckless indifference towards Plaintiff.

## II.     MATTERS DISCUSSED BY COUNSEL PURSUANT TO LCvR 16.3(c)

(1)     Defendant has not filed a motion to dismiss in this matter. Defendant will likely file a motion for summary judgment at the appropriate time. Plaintiff does not believe that this matter will be resolved by dispositive motions.

(2)     The parties propose that all parties shall be joined or the pleadings amended by November 13, 2006. There are no factual or legal issues that can be agreed upon or narrowed at this time.

(3) Defendant does not consent to the assignment of this case to a magistrate judge. Plaintiff does not consent to assignment to a magistrate judge.

(4) The parties are open to possibility of resolving this matter and will likely have discussions at a later stage in the proceeding.

(5) Defendant does not believe that this case would benefit from the alternative dispute resolution process at this time. Plaintiff believes that case would benefit from ADR at this time.

(6) Defendant will likely file a motion for summary judgment that, if granted, will dispose of the case. Mr. Mason does not believe that this case can be resolved by summary judgment. The proposed deadlines relating to such a motion are set forth in Section III.

(7) The parties propose to waive Rule 26(a)(1) initial disclosures.

(8) The parties anticipate serving interrogatories, document requests, and requests for admissions, in addition to conducting depositions in this case. A protective order may be necessary depending on the information sought in discovery, in which case the parties will jointly submit a proposed protective order to the Court. The proposed discovery period is set forth in Section III.

(9) The parties do not propose any change to the existing rules relating to expert reports. The dates for exchanging such reports are set forth in Section III.

(10) This case is not a class action.

(11) The parties do not propose to bifurcate trial or discovery.

(12) The proposed date for the pretrial conference is set forth in Section III.

(13) Defendant believes that a trial date should be set at the pretrial conference after a ruling on any summary judgment motions. Plaintiff has no objection to the pretrial conference

being scheduled either now or after a ruling on any dispositive motion, and would defer to the court's normal practice.

## III. PROPOSED DISCOVERY AND OTHER DEADLINES

| EVENT | DATE |
|---|---|
| Commencement of Discovery | October 12, 2006 |
| Amendment of pleadings and joinder of additional parties | By November 13, 2006 |
| Submission of Plaintiff's expert report(s) | January 8, 2007 |
| Submission of Defendant's expert report(s) | February 12, 2007 |
| Depositions of Experts | To commence after the submission of each expert's respective report(s) through the end of discovery |
| Close of discovery | April 16, 2007 |
| Filing of motions for summary judgment | May 18, 2007 (motion); June 18, 2007 (opposition); July 2, 2007 (reply) |
| Pretrial conference | Forty-five days after the deadline for the filing of motions for summary judgment if none are filed, or forty-five (45) days after a ruling on the motion for summary judgment, assuming there are any triable issue remaining. |
| Trial date | To be determined. |

Respectfully submitted,

/s/
Minh N. Vu (Bar No. 444305)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Washington, D.C. 20037

DC:745543v2

- 5 -

Tel: (202) 861-0900
Fax: (202) 296-2882

Counsel for Defendant


_____/s/_____
David A. Branch (Bar No. 438764)
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, NW, Suite 690
Washington, DC 20009
Tel:  (202) 785-2805
Fax: (202 785-0289

Counsel for Plaintiff

Dated: October 1, 2006