# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| JAMES MASON )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>DAVITA INC. )<br>)<br>    And )<br>)<br>DAVITA Rx )<br>(A wholly owned subsidiary of DAVITA, Inc.) )<br>1350 Old Bayshore #777 )<br>Burlingame, CA  94010 )<br>)<br>    And )<br>)<br>JOSHUA GOLOMB )<br>DAVITA Rx )<br>1350 Old Bayshore #777 )<br>Burlingame, CA  94010 )<br>)<br>      Defendants. )<br>) | Civil Action No.:06-1319 (RMC)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Jury Trial Demand** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now Plaintiff James Mason, by and through counsel, and sues Defendants Davita Inc., Davita Rx ("Defendant Davita") and Joshua Golomb, and for his First Amended Complaint states as follows.

### JURISDICTION and VENUE

1.  This Court has jurisdiction over the subject matter of this complaint pursuant to D.C. Code Ann. Section 11-921.

2. Venue is proper in this court in that the events giving rise to Mason's claims occurred here in the District of Columbia, and the Defendant has operations within the District of Columbia.

## PARTIES

3. Mason is a citizen of the United States and a resident of the District of Columbia.

4. Davita is a corporation with operations within the District of Columbia. Davita manages, operates, and owns dialysis facilities throughout the United States. Davita Rx is a wholly owned subsidiary of Davita Inc. Defendant Joshua Golomb is Senior Director at Davita Rx.

## FACTUAL ALLEGATIONS

5. Mr. Mason, an African American male, is an eleven year employee of Davita. He is currently a Patient Care Therapist (PCT) in Washington, D.C., responsible for performing dialysis training and patient education. Throughout his employment with Davita, Mr. Mason has been an exemplary employee, and has received the highest award for being the overall best patient care therapist.

6. In September/October 2005, Davita, Inc. announced that it was seeking to hire individuals for pharmacy services representative (PSR) positions to sell medication to dialysis patients of Davita. Davita specifically sought individuals who were working for Davita as patient care technicians. The individuals selected would have to be available for reassignment anywhere in the United States. Mr.. Mason applied for a position at Davita as a pharmacy services representative. The pharmacy services representative position had income potential of almost twice Mr. Mason's approximate $35,000 per year

income. Mr. Mason and a Caucasian coworker, Christopher Jones, applied for PSR positions. The Caucasian co-worker was an administrative assistant, with no experience as a patient care technician or in dialysis treatment or education, and his sales experience was limited to working in the men's department of a department store for a few months over the holidays. The selection process consisted of an online application, a phone interview and an in-person interview with the regional manager, and a final in person interview in California. Mr. Mason was selected for a telephone interview by Kim Easlon, a Caucasian female, approximately one week after his Caucasian coworker was selected for an interview. Both proceeded beyond the initial telephone interview, and were requested to travel to Richmond for an in person interview. Mr. Mason could not travel to Richmond on the day requested because he was scheduled to work a fifteen hour shift. Jones traveled to Richmond for his interview and was offered an in person interview in California. Mr. Mason never received a call from Easlon to reschedule, and had to email her to follow up on the selection process.

7.   On January 6, 2006, Mr. Mason received an email indicating the position he sought had been filled and he had not been selected. Defendants continued to advertise for position openings in Maryland, Philadelphia, Pennsylvania, and St. Louis, Missouri. Mr. Mason reported this information to his Caucasian co-worker, who had applied for a position at the same time as Mr. Mason. The co-worker received an offer for a PSR position. The co-worker was surprised to hear that the positions were filled because he knew that the individuals selected for the positions could not designate their geographical area and Defendants were still looking to fill positions on the East coast.

8. Mr. Mason filed an internal complaint with Davita alleging discrimination based on race in the hiring process. An individual in the Davita human resources department interviewed Mr. Mason. The human resources employee discouraged Mr. Mason from pursuing a claim and suggested that Easlon may have assumed that Mr. Mason was not an employee of Davita. Mr. Mason rejected this excuse and decided to proceed with his internal EEO complaint.

9. Mr. Mason was later contacted by Easlon's supervisor, Defendant Joshua Golomb after Golomb was notified of the EEO complaint. Before speaking to Easlon about her activities, Golomb concluded that Easlon had not discriminated against Mr. Mason. Golomb informed Mr. Mason that Davita was not pleased with Easlon's hiring practices and offered to interview Mr. Mason once again. Mr. Mason agreed to the second interview to give Davita an opportunity to correct a wrong. Before Mr. Mason's second interview, Easlon informed Golomb that she would not consider Mr. Mason for any PSR position. Mr. Mason was required to participate in a second telephone interview, even though he had previously advanced beyond the telephone interview, and once again he was denied a position. Easlon's supervisor claimed that Mr. Mason barely missed the cut off for selectees, even though during the interview Golomb told Mr. Mason that he performed well, was creative in his responses and knowledgeable. Mr. Mason communicated with other minority employees at Davita from Washington, D.C., including an African American and an individual of Philipino descent who applied for PSR positions. Neither was hired or even interviewed by Easlon. The Philipino employee received a telephone message from Golomb supervisor with the identical language he used in rejecting Mr. Mason for the position. Davita failed to acknowledge

4

that the African American employee applied for the position. Davita has a history of discriminatory practices in neglecting upkeep of facilities in minority neighborhoods, and discrimination in its hiring process and has intentionally rejected employees who work in minority locations for positions as a PSR.

10. During the course of discovery, Plaintiff received information that Golomb described his performance as "solid" at the interview but he was not selected because he did not have sales experience. These reasons are false because during the application process, Davita specifically sought individuals with Mr. Mason's background; the selectee, Christopher Jones, did not have any significant sales experience; and Defendant Golomb specifically rejected an applicant because he had too much sales experience and "80%" of the job was related to sitting chair side with the patient to convince the patient to allow Davita to provide their non dialysis medications.

11. Following Mr. Mason's interview with Golomb, Defendants refused to advance Mr. Mason to an in person interview and continued to fill positions PSR positions.

12. Mr. Mason filed a complaint in the D.C. Superior Court in 2006. In December 2006, Mr. Mason interviewed for a position as a patient care technician at Davita's acute facility at George Washington Hospital. The facility only had one patient care technician at the time of his application even though the facility was open seven days a week. Mr. Mason was offered a position by the facility administrator and she introduced Mr. Mason to the other patient care technician and to patients, as a PCT who would soon begin working there. There was a general discussion of wages and work hours, including working in conjunction with his current position, working part-time, overtime and in relief of the other PCT. Mr. Mason was informed that he only needed to complete a

5

medical tests, which he did, and the facility administrator had to speak to the regional administrator. In February 2007, Mr. Mason was informed that he would not be permitted to work at the acute facility at George Washington Hospital in any capacity. The regional administrator, who began employment with Davita in 2006, has called and visited Mr. Mason's current place of employment on many occasion but has refused acknowledge or even greet Mr. Mason.

## COUNT I

### Violation of District of Columbia Human Rights Act
### Discrimination

Mason adopts by reference each of the allegations in the paragraphs above.

13.     At all pertinent times, Davita was an employer subject to provisions of the D.C. Human Rights Act, 2-1401 et seq., of the District of Columbia Code.

14.     At all pertinent times, Plaintiff Mason was an employee entitled to protection under the D.C. Human Rights Act.

15.     The D.C. Human Rights Act prohibits discrimination in employment based on an individual's race.

16.     Defendants, in violation of the D.C. Human Rights Act, knowingly and intentionally engaged in unlawful discrimination by denying Mason an in-person job interview and selection to the pharmacy services representative and PCT position based on his race. Defendants have also engaged in a pattern and practice of discrimination against minorities for promotions when the minorities work in centers or facilities which serve the minority population.

17.     Defendants had no legitimate business reason for any such acts.

6

WHEREFORE, Plaintiff Mason prays:

A.    Enter judgment against the Defendants;

B.    That the court award to Mr. Mason placement into the PSR or PCT position and damages in an amount equal to all of his accumulated lost wages and benefits, including back pay, front pay and benefits; compensatory damages and punitive damages for the financial and emotional harm caused by Defendant, including prejudgment and post-judgment interest and any other damages permitted under the D.C. Human Rights Act;

C.    Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

D.    That the Court award Mr. Mason such other relief as to which he may be deemed entitled.

## COUNT I

### Violation of District of Columbia Human Rights Act
### Retaliation

Mason adopts by reference each of the allegations in the paragraphs above.

18.    At all pertinent times, Defendants Davita was an employer subject to provisions of the D.C. Human Rights Act, 2-1401 et seq., of the District of Columbia Code. Defendant Golomb was a senior manager and may be held individually liable under the D.C. Human Rights Act

19.    At all pertinent times, Plaintiff Mason was an employee entitled to protection under the D.C. Human Rights Act.

20. The D.C. Human Rights Act prohibits discrimination in employment and prohibits retaliation for engaging in protected activity.

21. Defendants, in violation of the D.C. Human Rights Act, knowingly and intentionally engaged in unlawful retaliation by denying Mason an in-person job interview and selection to the pharmacy services representative based on his prior protected activity. After Mr. Mason filed an EEO complaint, Defendant Golomb required Mr. Mason to submit to a second telephone interview even though he had previously advanced beyond the telephone interview; changed the selection criteria from an emphasis on patient care to an emphasis on sales; failed to evaluate him fairly in the telephone interview despite his solid performance; and refused to advance his application. Davita later revoked an offer of employment at the acute facility at George Washington Hospital because of Mr. Mason's EEO complaint and lawsuit against Davita.

22. Defendants had no legitimate business reason for any such acts.

WHEREFORE, Plaintiff Mason prays:

a. Enter judgment against the Defendants;

b. That the court award to Mr. Mason placement into the PSR or PCT position at George Washington Hospital and damages in an amount equal to all of his accumulated lost wages and benefits, including back pay, front pay and benefits; compensatory damages and punitive damages for the financial and emotional harm caused by Defendants, including prejudgment and post-judgment interest and any other damages permitted under the D.C. Human Rights Act;

c. Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

d.  That the Court award Mr. Mason such other relief as to which he may be deemed entitled.

                                              Respectfully submitted,

                                              /s/

                                              David A. Branch #438764
                                              Law Offices of David A. Branch
                                              1825 Connecticut Avenue, NW
                                              Suite 690
                                              Washington, D.C. 20009
                                              (202) 785-2805

**Certificate of Service**

I hereby certify this 3rd day of April 2007 that a copy of the foregoing Plaintiff's First Amended Complaint was sent to Defendants' counsel listed below.

Minh N. Vu
Epstein Becker & Green, P.C.
1227 25th Street, NW, Suite 700
Washington, D.C. 20037-3541

                                              _____/s/_____
                                              David A. Branch