UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| **JAMES MASON**<br>**717 Ingraham Street, NW**<br>**Washington, D.C. 20012** | )<br>)<br>) | |
| | ) | **Civil Action No. 06-1319 (RMC)** |
| **Plaintiff,** | )<br>) | |
| **v.** | )<br>) | |
| | ) | |
| **DAVITA INC.**<br>**601 Hawaii Street**<br>**El Segundo, CA 90245** | )<br>)<br>) | |
| | ) | **Jury Trial Demand** |
| **Defendant.** | )<br>) | |

**PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET
OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF
DOCUMENTS**

## INTERROGATORIES

Interrogatory No. 1:   Identify each and every person who has knowledge of any

facts relating to the allegations set forth in the Complaint, including, but not limited to,

(1) your claim that DaVita did not hire you for the position referenced in Paragraph 6 of

the Complaint (the "DaVita Rx Position") because of your race, (2) your application for

the DaVita Rx Position, (3) your complaint(s) to DaVita of discrimination, (4) the

identity of any other individuals who applied for the DaVita Rx Position, including those

whom you claim received preferential treatment because of their race, (5) the number and

location of the DaVita Rx Positions that you contend were available at the time of your

application, and (6) your claim that DaVita has a history of discriminatory practices in

Answer:  See Answer 1.  In addition, Plaintiff will testify at trial and Plaintiff's wife,

Lolita Mason will testify on the impact the discriminatory treatment has had on Plaintiff.

Interrogatory No. 5:  Describe in detail any and all damages to which you

contend you are entitled as a result of Defendant's alleged conduct, including a statement

of both the total amount of those damages and each element thereof, a description of how

these were calculated, and the factual and legal basis for such damages.

Answer:  Back pay of $30,000 from loss of pay from January 2006 to the present.  Front

pay of $60,000 for loss of pay over the next two years.  Compensatory and punitive

damages to be determined by the jury.


Interrogatory No. 6:  Describe in detail any communications (oral or written) that you

have had with any person (other than your attorneys), including the Defendant, about any

of the facts alleged in your Complaint and/or about all facts which form the basis for the

allegations in your Complaint.  To "describe in detail" within the meaning of this

interrogatory includes identification of the persons with whom you had the

communication, the date of the communication, the type of communication, and the

substance of the communication.

Answer: a. **Late September/Early October   Verbal   Communication   w/ Chris Jones**
Mr. Jones reported that positions were available at DaVita Rx that met my qualifications.
Conversation concluded with Mr. Jones giving job announcement to me.

b. **12/3/05     E-mail     from: Rosalva Depillo**
Received e-mail from Ms. Depillo acknowledging receipt of Resume for sales position.

c. **12/5/05     Telephone Call     from: Kim Eslon**
Received call at work from Ms. Eslon requesting a phone interview.  Interviewed during
my break, items of discussion involved background, qualifications, job responsibilities
and interviewing process.  Ms. Eslon stated an " in person interview would be scheduled
after the holidays during the first week of January."

**d. 1/6/06       E-mail         from: Kim Eslon**

After waiting specified the time, I called Ms. Eslon and left about 3 messages. Shortly thereafter, I received an e-mail from Ms. Eslon stating all positions had been filled for my area.

**e. Week of 1/6/06       Verbal Communication   w/ Chris Jones**

We discussed the e-mail from Kim Eslon and Mr. Jones mentioned he was under the impression that more positions were available. Mr. Jones was about to start his training for the same position.

**f. January or February 2006         Phone call            To: DaVita Compliance Office**

Spoke with representative about concerns of discrimination surrounding hiring process. I was told by the representative that it would take about two weeks for them to investigate and give a response.

**e. February 2006                Phone call         From: DaVita Compliance Office**

Representative provided excuses as to why the process was not handled correctly. Excuses mentioned involved incorrect application process, unaware that I was a DaVita employee, and confusion about which position that I was applying for. Representative stated "the investigation was on-going and I would contacted soon"

**f.                          Phone call        From: Josh Golomb**

Mr. Golomb left message at my home with my wife requesting me to call.

**g.                          Phone call       To: Josh Golomb**

Mr. Golomb stated, " they were not satisfied with Ms.Eslon's interviewing practices" and he was re-interviewing some applicants himself. He offered to interview me over the phone himself.

**h.                          Phone call (Interview)    From: Josh Golomb**

Conversation involved job qualifications, awards given to me by DaVita, handling of different scenarios, and explanation of interviewing process.

**i.                          Phone call       From: Josh Golomb**

Mr. Golomb stated, " that he spoke with others about me and that I was a great person but I didn't make cut this time." I was also told that he would keep me in mind for something in the future.