UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MASON<br>717 Ingraham Street, NW<br>Washington, D.C. 20012,<br><br>     Plaintiff,<br><br>     v.<br><br>DAVITA INC.<br>601 Hawaii Street<br>El Segundo, CA 90245,<br><br>     Defendant. | )<br>)<br>)<br>) Civil Action No. 06-1319 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT DAVITA INC.'S RESPONSE TO PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Having reviewed Plaintiff's Reply to Opposition to the Motion for Leave to File First Amended Complaint filed on May 17, 2007 ("Reply"), Defendant DaVita, Inc. files this limited response in order to bring to the Court's attention to several facts and arguments which may be relevant to its decision on this motion. In the interest of filing this Response in advance of the Court's ruling on this motion set for May 21, 2007, DaVita will not attempt to address many of the mischaracterizations of the record in the Reply, most of which are not germane to the Court's decision and/or do not even have record citations.

I. **PLAINTIFF'S ARGUMENTS AS TO WHY HIS CLAIMS AGAINST JOSH GOLOMB ARE NOT FUTILE OR THAT HE DID NOT ENGAGE IN UNDUE DELAY ARE WITHOUT MERIT.**

In its Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint ("Opposition"), DaVita argued that Plaintiff cannot maintain an action against Mr. Golomb because (1) Plaintiff has pled no facts to establish the Court's personal jurisdiction over Mr. Golomb; (2) The Court has no subject matter jurisdiction over the two claims against Mr. Golomb; and (3) The DCHRA's one-year statute of limitations bars both the race discrimination and retaliation claims against Mr. Golomb.  Plaintiff responds to the personal jurisdiction obstacle by citing Wallace v. Skadden, Arps, 715 A.2d 873 (D.C. 1998), for the proposition that individuals can be liable under the D.C. Human Rights Act (DCHRA) for acts taken in the interest of their employer.  (Reply at 10.)  In so doing, Plaintiff confuses the question of whether a person can be liable under the DCHRA (the only issue addressed by Wallace), with the constitutional question of whether the Court has a basis on which to exercise personal jurisdiction over a non-resident defendant.  The plethora of cases cited by DaVita its is brief establishes that where a non-resident's only contact with the jurisdiction is on behalf of an employer, there is no basis for the Court to exercise personal jurisdiction over the non-resident in his or her individual capacity.  See Opposition at 11-12.

Furthermore, Plaintiff's attempt to suggest that Mr. Golomb "transacted business" in the District (Reply at 10) is completely unsupported by any facts or allegations. Likewise, Plaintiff's suggestion that Mr. Golomb's actions with regard to Plaintiff may have been unauthorized and outside the scope of his employment is without merit. (Reply at 10).  Mr. Golomb, a Director of DaVita Rx, testified that his interview of the

Plaintiff was conducted in response to his discussions with DaVita's human resources representative, Gail Gardner, about the Plaintiff's complaint (Golomb Dep. at 69 (Opp. Ex. 4)), and Mr. Golomb kept the Human Resources Department fully apprised of his interview with Plaintiff. (Reply Ex. 4 at DAV-00005). These facts, among others, establish that Mr. Golomb was acting solely within the scope of his employment.

Plaintiff's "minimum contacts" analysis -- made in response to DaVita's argument that this Court lacks subject matter jurisdiction over the claims against Mr. Golomb -- fares no better. "Whether the [alleged discriminatory] events took place in the District," not whether there are "minimum contacts" with the District, is the proper legal standard, and Plaintiff has alleged no facts to satisfy this standard. Matthews v. Automated Bus. Sys. & Servs., 558 A.2d 1175, 1180 (D.C. 1989). The fact that Plaintiff was physically present in the District when he filed his complaint of discrimination, was interviewed by telephone, and was advised by telephone of his non-selection, does not establish that the alleged discriminatory events took place in the District. It is undisputed that Mr. Golomb had no jobs in the District to offer Plaintiff when he interviewed him, Mr. Golomb was not in the District during any communications with Mason, and his decision not to hire Plaintiff was made outside of the District. (Golomb Decl. ¶¶ 4-7 (Opp. Ex. 2)).

Finally, Plaintiff's response to the fact that his causes of action against Mr. Golomb are barred by the statute of limitations ignores F.R.C.P. 15(c) and D.C. Circuit precedent. The claims against Mr. Golomb do not relate back to the original Complaint because Mr. Golomb was not named as defendant in the original Complaint. In Rendall-Speranza v. Nassim, 107 F.3d 913, 917-918 (D.C. Cir. 1997), the D.C. Circuit reversed

the district court's allowance of an amendment to add a new defendant after the statute of limitations had run because "[a] potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose – unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." The Court stated that such an amendment would only be allowed under Rule 15(c) if the plaintiff can show that there was a "mistake of identity" as to the proper defendant. Plaintiff has not shown, nor could he ever show, that he intended to name Mr. Golomb but instead named DaVita – a corporation -- by mistake or by a "mere slip of a pen." Id. at 918.

Finally, Plaintiff attempts to excuse his undue delay by repeatedly claiming that he did not know until discovery that Mr. Golomb was aware that Plaintiff had filed a discrimination complaint with DaVita when Mr. Golomb interviewed Plaintiff. See Reply at 2, 8, 12. Mr. Mason's own pleadings belie this claim. The original Complaint stated:

> 8. Mr. Mason filed an internal complaint with Davita alleging discrimination based on race in the hiring process. . . . An individual in the Davita human resources department interviewed Mr. Mason. . . .
>
> 9. Mr. Mason was later contacted by Eastland's [sic] supervisor. <u>Eastland's supervisor stated that Davita was not pleased with Eastland's [sic] hiring practices and offered to interview Mr. Mason again</u>. . . .

Complaint ¶¶ 8-9 (emphasis added). These allegations make clear that Plaintiff was well aware that Mr. Golomb (referenced in the Complaint as "Ms. Eastland's supervisor") was contacting him in response to his internal complaint. Furthermore, DaVita's Answer also referenced this fact. (Answer ¶ 9) ("Josh Golomb, Ms. Easlon's supervisor, contacted Plaintiff after he filed his internal Complaint. . . . Mr. Golomb offered to interview

Plaintiff by telephone for positions outside of Washington, D.C. . . . not because any discriminatory conduct had occurred, but because Mr. Golomb felt that Ms. Easlon should have acted more promptly in informing Plaintiff that he was not going to move forward in the application process. . . ."). The only reasonable inference that can be drawn from this statement in DaVita's Answer is that Mr. Golomb offered to interview Plaintiff in response to Plaintiff's complaint, and that Mr. Golomb was aware of the internal complaint.

## II. DAVITA DID NOT ENGAGE IN ANY UNDUE DELAY IN RESPONDING TO DISCOVERY.

To excuse his own undue delay, Plaintiff claims that "it was Defendant's undue delay in responding to discovery which caused any delay in filing the motion for leave to amend the complaint." (Reply at 1, 14). This argument is a red herring and, in event, there is no factual basis for it. First, the timing of DaVita's discovery responses has no bearing on Plaintiff's undue delay because Plaintiff was on notice of the facts giving rise to his race discrimination and retaliation claims against Mr. Golomb and the retaliation claim against DaVita on March 17, 2006, nearly two months before he filed the Complaint. (Opp. at 18-19, 24). That discovery may have supplied additional details concerning the action that Plaintiff considers to be discriminatory or retaliatory does not change the fact of Plaintiff's earlier knowledge. Second, DaVita did not engage in any undue delay. Plaintiff served his interrogatories on December 18, 2006. (Ex. 1.) Plaintiff consented to an extension of time to allow DaVita to serve its responses on February 5, 2007 (Ex. 2), and the responses were served on that date, not February 20, 2007. (Ex. 3, Excerpt and certificate of service from February 5, 2007 interrogatory responses). Considering that the 30-day period in which DaVita had to prepare its

response included the Christmas and New Year's holidays, a two-week extension of time to serve responses was very reasonable.

More importantly, the February 5, 2007, response to Interrogatory no. 4 made quite clear that a human resources representative had advised Mr. Golomb of Plaintiff's race discrimination complaint and Mr. Golomb offered to interview Plaintiff as a response to this complaint. (Ex. 3, Excerpt from February 5, 2007 interrogatory responses). After receiving objections from Plaintiff's counsel, DaVita amended these responses to add additional information and to correct a few inaccuracies on February 14, 2007 (served on February 20, 2007), but the amendments did not change the substance of the prior response to Interrogatory No. 4. (Ex. 4, Excerpt from February 14, 2007 interrogatory responses). Then on March 20, 2007, Plaintiff served a new interrogatory to which DaVita timely responded on April 16, 2007. (Ex. 5, Excerpt from April 16, 2007 interrogatory responses). Plaintiff propounded no other interrogatories. In short, Plaintiff did not get DaVita's discovery responses until February 5, 2007, because he waited more than two months to serve his discovery requests, not because DaVita engaged in any undue delay.

### III. CONCLUSION

For the reasons set forth herein and its Opposition, DaVita respectfully requests that Plaintiff's Motion for Leave to File First Amended Complaint be denied.

                              Respectfully submitted,

                              _____/s/_____
                              Minh N. Vu (Bar No. 444305)
                              EPSTEIN BECKER & GREEN, P.C.
                              1227 25th Street, N.W.
                              Washington, D.C. 20037
                              Tel: (202) 861-0900
                              Fax: (202) 296-2882

                              Joseph T. Ortiz
                              (admitted pro hac vice)
                              Epstein Becker & Green, P.C.
                              1875 Century Park East, Suite 500
                              Los Angeles, CA 90067-2506
                              (310) 557-9542
                              (310) 553-2165 (fax)

                              Counsel for Defendant DaVita Inc.

May 18, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2007, a copy of DaVita Inc.'s Response to Plaintiff's Reply to Opposition to Motion for Leave To File First Amended Complaint was served through the Court's Electronic Court Filing system to counsel listed below:

>David A. Branch
>Law Office of David A. Branch
>1825 Connecticut Avenue, NW
>Suite 690
>Washington, D.C. 20009

                                                        /s/ Minh N. Vu
                                                        Minh N. Vu