## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

JAMES MASON )
717 Ingraham Street, NW )
Washington, D.C. 20012, )
)    Civil Action No. 06-1319 (RMC)
Plaintiff, )
)
v. )
)
DAVITA INC. )
601 Hawaii Street )
El Segundo, CA 90245, )
)
Defendant. )
)

## DAVITA INC.'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Davita Inc. (DaVita) objects and responds to Plaintiff James

Mason's First Set of Interrogatories and Document Requests dated December

18, 2006, as follows:

### PRELIMINARY STATEMENT

A.    DaVita's responses have been prepared with the assistance of

counsel.  Therefore, the exact word choice of any response may not be the exact

word choice of the responding or executing party.

B.    Because these requests and interrogatories are continuing in

nature, DaVita reserves the right to supplement, either by addition or deletion, its

responses and objections, and will do so only as required or permitted by the

federal and local rules of civil procedure.

C.    The information contained in the responses is being provided in

the DaVita hotline; (3) a list of all persons offered PSR positions since the inception of DaVita Rx to the date of these requests with information regarding their pay rates, hire dates, work locations, and races; (3) the resumes and applications (where available) of all persons offered PSR positions since the inception of DaVita Rx to the date of these requests; (4) The employee manual and other requested policies in force from the time Mr. Mason applied for a PSR position to the time that he was informed that he would not receive a position; (5) job descriptions for the PCT and PSR positions; (6) documents relating to Christopher Jones' application for a PSR position; and (7) documents relating to the interview and hiring process for PSRs, as described and circumscribed in Response to Document Request No. 7.

**Interrogatory No. 4:  Describe in detail why Plaintiff was not selected for one of the pharmaceutical sales positions from 2005 to the present, and indicate in detail how each person selected was better qualified for the position than Plaintiff.**

**Response to Interrogatory No. 4:**

In addition to the Preliminary Statement and General Objections which are incorporated by reference as if fully set forth herein, DaVita objects to the second part of this interrogatory ("indicate in detail how each person selected was better qualified for the position than plaintiff") because it is overbroad, unduly burdensome, and does not seek information that is relevant to the claim or defense of any party or is not reasonably calculated to lead to the discovery of admissible evidence.  Fifty people were offered a PSR position by DaVita Rx since its inception to the date of this interrogatory and it would be extremely burdensome for DaVita to explain in detail how every single person was more

day in the first half of December. Plaintiff was not able to meet with Ms. Easlon on this date because of his work schedule. As a result, Ms. Easlon told Plaintiff that she would have to see him after the beginning of the year.

In the meantime, Mr. Jones was able to meet with Ms. Easlon in Richmond in person on December 12, 2005. Ms. Easlon found Mr. Jones to be an excellent candidate and arranged for him to advance to the next step of the interview process in DaVita Rx's offices in San Francisco, California. After this set of interviews which took place on December 18, 2005, DaVita Rx extended a job offer to Mr. Jones on December 20, 2005. Mr. Jones started working for DaVita Rx as a PSR in mid-January.

On January 9, 2006, in response to an e-mail inquiry by Plaintiff dated January 4, 2006, Ms. Easlon informed him that the D.C. position had been filled. Ms. Easlon did not continue the interview process for Plaintiff because she only had one position in D.C., and that position had been accepted and filled by Mr. Jones. Mr. Jones had applied nearly two months before Plaintiff. Because (unlike Plaintiff) he was able to meet Ms. Easlon when she was in Richmond Virginia in December 2005, he was further along in the interview process.

Based on the information from his resume, which is incorporated by reference, and his interviews with her, Ms. Easlon found Mr. Jones to be an excellent candidate based on a number of factors, including but not limited to his (1) personable demeanor; (2) apparent ability to interact well with Facility Administrators, doctors, staff members, and patients; (3) good answers to situational questions; and (4) strong organizational skills. Mr. Jones had

experience in sales and administration in addition to direct patient care, experience that, in her professional judgment, would likely result in success in the PSR position.

Plaintiff's race played no role in Ms. Easlon's decision not to advance Plaintiff to the next step in the interviewing process, and Ms. Easlon was not aware of Plaintiff's race at anytime prior to her decision.

On January 27, 2006, Plaintiff filed an internal complaint regarding Ms. Easlon's decision not to proceed further with his application process.  In connection with his complaint, Plaintiff informed DaVita People Services Manager Gail Gardner that he was willing to relocate for a PSR position.  Ms. Gardner spoke with Josh Golomb, Ms. Easlon's supervisor about the situation. Mr. Golomb thought that, as a matter of courtesy, Ms. Easlon should have more promptly advised plaintiff that she was not going to consider his application further and that the D.C. position for which he had been considered was no longer available.  Although it was not DaVita Rx's general practice to hire people for positions that would require their relocation, Mr. Golomb was willing to interview Plaintiff to see if he was qualified for a PSR position outside of D.C.

Mr. Golomb's interview of Plaintiff took place by telephone on March 9, 2006.  The interview was delayed because Mr. Golomb could not reach Plaintiff at his home or cell phone numbers at the time that the two of them had agreed upon previously.  At the conclusion of the interview, Mr. Golomb determined that while Plaintiff was a solid candidate, he was not as strong as the other

candidates who had been hired to date. Accordingly, Mr. Golomb decided not to pursue Plaintiff's application.

Although Plaintiff had demonstrated an ability to work with patients effectively in his role as a Patient Care Technician, Plaintiff's responses regarding how he would obtain the support of the Facility Administrators, doctors, and staff at each facility to promote and facilitate the DaVita Rx pharmacy program did not demonstrate insight into how this objective might be accomplished. Plaintiff also did not seem to have meaningfully considered the fact that he would have to relocate and travel more than 75% of the time.

**Interrogatory No. 5: Describe in detail the positions held and the duties performed by the individuals selected for the pharmaceutical sales positions from 2005 through the present prior to selection for the sales position.**

**Response to Interrogatory No. 5:** In addition to the Preliminary Statement and General Objections which are incorporated by reference as if fully set forth herein, DaVita objects to this interrogatory because it is grossly overbroad, unduly burdensome, and does not seek information that is relevant to the claim or defense of any party or is not reasonably calculated to lead to the discovery of admissible evidence. Fifty people were offered PSR positions by DaVita RXfrom the inception of DaVita Rx at the beginning of 2005 to the date of this interrogatory. DaVita refers Plaintiff to the resumes and/or applications (where available) of the other persons hired for PSR positions, which will be produced, for a description of the positions held and duties performed by such individuals before being selected for PSR positions. DaVita also incorporates by reference its response to Interrogatory number 12. Should Plaintiff contend at some point

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2007, a copy of DaVita

Inc.'s Amended Objections and Responses to Plaintiff's First Set of

Interrogatories and Request for Production of Documents was sent by e-mail and

first-class mail to counsel listed below:

David A. Branch
Law Office of David A. Branch
1825 Connecticut Avenue, NW
Suite 690
Washington, D.C. 20009

Minh N. Vu