UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JAMES MASON,

                Plaintiff,

    *v.*                                      C.A. No. 1:06cv01319 (RMC)

DAVITA INC.,

                Defendant.

## ANSWER OF DEFENDANT DAVITA INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant DaVita Inc. ("Defendant" or "DaVita"), by its undersigned counsel, for its Answer to the Second Amended Complaint, states as follows:

1. Defendant denies the allegations of paragraph 1.

2. Defendant admits that it has operations in the District of Columbia. Except as expressly admitted, Defendant denies the allegations of paragraph 2.

3. Defendant admits that the information supplied by Plaintiff indicates that he is a U.S. citizen and resides in Washington, D.C. Except as expressly admitted, Defendant denies the allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits that Plaintiff is an African-American male whom it has employed as a Patient Care Therapist since 1996. Defendant denies the remaining allegations of paragraph 5.

6. Defendant admits the following facts: In the Fall of 2005, DaVita Rx was hiring Pharmacy Services Representatives ("PSR") in various certain locations of the U.S. to promote

its pharmacy service to DaVita patients. Plaintiff and a Caucasian co-worker, Christopher Jones, both of whom resided in Washington, D.C., applied for a PSR position. The selection process in the relevant timeframe (Fall 2005 to April 2006) consisted of the submission of an application or a resume, a telephone screening interview, an in-person interview with the PSR manager, and an in-person interview in California with other DaVita Rx managers, including DaVita Rx Director Josh Golomb. The Sales Manager, Kim Easlon, selected Plaintiff for telephone interview which took place after Mr. Jones had his telephone interview with her. Mr. Easlon invited both Mr. Jones and Plaintiff to travel to Richmond to interview with her in person on December 12, 2005, when she would be there to conduct only one interview for the Washington D.C. and Richmond PSR positions. Plaintiff told Ms. Easlon that he could not come to the interview on December 12, 2005 because of his work schedule. Mr. Jones, on the other hand, did travel to Richmond to interview with Ms. Easlon and was offered an in-person interview in California. After this interview, Mr. Jones was offered a PSR position for the D.C. area at the end of December 2005. Ms. Easlon did not call Plaintiff to schedule an in-person interview in January 2006 because she had offered the only D.C. PSR position to Mr. Jones. Plaintiff e-mailed Ms. Easlon to follow up on the selection process on January 3, 2006. Except as expressly admitted, Defendant denies the allegations of paragraph 6.

      7.      Defendant admits the following facts: On January 9, 2006, Ms. Easlon responded to Plaintiff's e-mail by apologizing for not getting back to him sooner and informing him that she had "filled the [PSR] position that was available in [his] area." Although Plaintiff had not specified that he was applying for a PSR position in a particular location, Ms. Easlon had only considered Plaintiff for the D.C. PSR position because it was DaVita Rx's general practice not to hire people for PSR positions that would require them to relocate to another state for the job.

Mr. Jones had received and accepted an offer for the only D.C. PSR position. In the first quarter of 2006, DaVita Rx advertised PSR openings in Philadelphia, Pennsylvania, and St. Louis Missouri. Except as expressly admitted, Defendant denies the allegations of paragraph 7.

8. Defendant admits the first two sentences of paragraph 8. Except as expressly admitted, Defendant denies the allegations of paragraph 8.

9. Defendant admits the following facts: DaVita Rx Director Joshua Golomb, Ms. Easlon's supervisor, contacted Plaintiff after receiving a copy of Plaintiff's internal complaint that Ms. Easlon discriminated against him because of his race. Mr. Golomb, who was based in California, offered to conduct a one-hour telephone interview with Plaintiff for PSR positions outside of Washington, D.C. Mr. Golomb considered this interview to be the equivalent of the second round interview with Ms. Easlon that Plaintiff did not have because Plaintiff had declined the invitation to go to the Richmond interview and the D.C. position was filled shortly thereafter. After this interview, Mr. Golomb decided not to advance Plaintiff to the next phase of the application process based on his performance in this interview for which Plaintiff was late due to Plaintiff's alleged misunderstanding about whether the interview time was Eastern Standard or Pacific Time. Except as expressly admitted, Defendant denies the allegations of paragraph 9.

10. Defendant admits the following facts: After interviewing Plaintiff, Mr. Golomb reported to the human resources representative who had handled Plaintiff's complaint of discrimination that Plaintiff's performance during the interview was "solid" but Plaintiff was not as strong as other candidates who had been interviewed in the following key areas: Understanding of and experience of sales; sales effectiveness as demonstrated in role plays; thoughtfulness about approach for working with physicians; and flexibility concerning travel. Except as expressly admitted, Defendant denies the allegations of paragraph 10.

11. Defendant admits that Mr. Golomb decided not to advance Plaintiff in the PSR application process for the reasons set forth in paragraph 10 above, and continued to fill PSR positions in areas outside of D.C. Except as expressly admitted, Defendant denies the allegations of paragraph 11.

12. Defendant admits the allegations contained in the first sentence of paragraph 12. Except as expressly admitted, Defendant denies the allegations of paragraph 12.

## COUNT I

### Alleged Violation of District of Columbia Human Rights Act

### (Alleged Discrimination)

Defendant incorporates by reference each of its responses in the paragraphs above.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. The allegations in paragraph 15 are conclusions of law and require no response. To the extent they require a response, Defendant denies the allegations.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17, and avers that Plaintiff is not entitled to any of the relief requested in paragraphs A-D.

## COUNT II

### Alleged Violation of District of Columbia Human Rights Act

### (Alleged Retaliation)

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. The allegations in paragraph 20 are conclusions of law and require no response. To the extent they require a response, Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22, and denies that Plaintiff is entitled to any of the relief requested in paragraph 22(a)-(d).

23. Any allegation not previously expressly admitted is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant asserts the following affirmative and other defenses:

### FIRST DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND DEFENSE

To the extent that Plaintiff has failed to mitigate the alleged money damages to himself, he is barred in whole or and in part from recovering any damages from Defendant.

### THIRD DEFENSE

Plaintiff is not entitled to relief relating the alleged racial discrimination because Defendant exercised reasonable care to prevent and correct promptly any allegedly racially discriminatory behavior.

### FOURTH DEFENSE

Plaintiff is not entitled to damages because Defendant had legitimate and lawful reasons for not offering Plaintiff the position for which he applied.

### FIFTH DEFENSE

All actions taken by Defendant were in good faith and for legitimate business reasons.

### SIXTH DEFENSE

Plaintiff is not entitled to attorneys' fees, expert fees, or costs under the circumstances of this case.

### SEVENTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendant did not act with malice or reckless indifference towards Plaintiff or his rights.

### EIGHTH DEFENSE

The Court lacks subject matter jurisdiction under the D.C. Human Rights Act over any actions taken by Mr. Golomb in March 2006 with regard to Plaintiff's application because the application did not concern a job that would be performed in D.C. and the alleged discrimination did not take place in D.C.

### NINTH DEFENSE

Defendant reserves the right to assert other affirmative or other defenses with regard to some or all of Plaintiff's causes of action.

### TENTH DEFENSE

Plaintiff cannot state a claim for a retaliation because Defendant has no adverse employment actions against him.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety, with prejudice, and that it be awarded its fees and costs and such other relief as the Court may deem appropriate.

Date:   June 21, 2007

                                       Respectfully submitted,

                                       _____/s/_____
                                       Minh N. Vu, Esq. (Bar No. 444305)
                                       EPSTEIN BECKER & GREEN, P.C.
                                       1227 25th Street, N.W.
                                       Washington, D.C. 20037
                                       Tel: (202) 861-0900
                                       Fax: (202) 296-2882

                                       Joseph T. Ortiz, Esq.
                                       (admitted pro hac vice)
                                       EPSTEIN BECKER & GREEN, P.C.
                                       1875 Century Park East, Suite 500
                                       Los Angeles, CA 90067-2506
                                       Tel: (310) 557-9542
                                       Fax: (310) 553-2165


                                       Counsel for Defendant DaVita Inc.