## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MASON<br>717 Ingraham Street, NW<br>Washington, D.C. 20012,<br><br>    Plaintiff**,**<br><br>  v.<br><br>DAVITA INC.<br>601 Hawaii Street<br>El Segundo, CA 90245,<br><br>    Defendant**.** | )<br>)<br>)<br>) Civil Action No. 06-1319 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT DAVITA INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S CONSENT MOTION FOR EXTENSION OF TIME TO FILE REPLY AND REQUEST FOR SANCTIONS

Defendant DaVita Inc. ("DaVita") respectfully requests that the Court deny Plaintiff's Motion to Strike Defendant's Consent Motion for Extension of Time To File Reply and Request for Sanctions (the "Motion to Strike") because it has been mooted by DaVita's prompt filing of an Errata, and because it is without merit.

Earlier today, Defendant DaVita Inc. ("DaVita") filed a Consent Motion for an Extension of Time to file its Reply Brief in Support of its Motion for Summary Judgment on Count I of the Second Amended Complaint (the "Motion"). In the Motion, DaVita requested a three-day extension because, as the record shows, Plaintiff filed his Opposition to DaVita's Motion for Summary Judgment three days late, thereby depriving DaVita of three days to prepare its Reply brief.

DaVita styled its Motion as a Consent Motion because Plaintiff had in fact consented, in writing, to the extension.  The following e-mail exchange took place on August 6, 2007:

> **Ms. Vu:**  David, since Mr. Mason's Opposition was not properly filed until today, three days after Friday's deadline, DaVita is going to move for a three day extension of the time to file its Reply.  Please let me know if Mr. Mason consents.

> **Mr. Branch:**  Sure, no problem.  DAB

See Exhibit 1.  Consistent with this e-mail, the Motion states in the first paragraph: "Plaintiff consents to the requested extension."  See Motion at 1.  Plaintiff acknowledges in his Motion to Strike that "Plaintiff did consent to Defendant's request for a three-day extension," but takes issue with what he claims is DaVita's alleged representation to the Court that Plaintiff had consented to the contents of the Motion.  However, DaVita's Motion did not represent to the Court that Plaintiff had reviewed the Motion or agreed with its contents.  It only said that Plaintiff had consented to the requested extension.  The use of the word "consent" in the title of the document was merely intended to convey that the Plaintiff had consented to the relief requested in the motion (i.e., the three-day extension), not that the Plaintiff agreed to the statements contained in the Motion.

Notwithstanding the fact that DaVita's use of the term "consent" in the title was entirely appropriate, had Plaintiff's counsel telephoned DaVita's counsel to request a change in the title of the document before filing Plaintiff's Motion to Strike, DaVita's counsel would gladly have agreed to make the change to avoid unnecessary conflict.  However, Plaintiff's counsel decided to file the Motion to Strike at 5:09 p.m. without waiting to obtain a response from DaVita's counsel to his two e-mails demanding withdrawal (time stamped 4:33 p.m. and 4:39 p.m.).  Plaintiff's counsel's e-mails did not

actually appear in DaVita's counsel's mailbox until approximately 5:40 p.m., after Plaintiff filed his Motion to Strike.

Although DaVita believes that its use of the word "consent" in the title of the Motion was appropriate because Plaintiff had consented to the requested extension sought by the Motion, in an effort to avoid burdening the Court with unnecessary disputes, DaVita has filed an Errata to remove the word "consent" in the title of its Motion.

DaVita also states that, notwithstanding Plaintiff's characterizations of the Motion, every fact contained in the Motion regarding Plaintiff's conduct is true and supported by the Court's docket. The facts pertaining to Plaintiff's untimely filings and unilateral extension of time to file his documents without leave of Court are not flattering, but they were necessary to explain to the Court why DaVita requires a three-day extension to file its Reply Brief.

In light of DaVita's filing of the Errata, Plaintiff's Motion to Strike should be denied as moot. His request for sanctions should be denied because DaVita did not misrepresent anything to the Court. There is no dispute that Mr. Mason consented to the requested three-day extension and the use of the word "consent" in the title of the document was entirely appropriate under the circumstances.

Respectfully submitted,

Dated: August 7, 2007          __/s/ Minh N. Vu_____
                                              Minh N. Vu (Bar No. 444305)
                                              EPSTEIN BECKER & GREEN, P.C.
                                              1227 25th Street, N.W.
                                              Washington, D.C. 20037
                                              Tel: (202) 861-0900
                                              Fax: (202) 861-3541

_____/s/ Joseph T. Ortiz_____

Joseph T. Ortiz
(admitted pro hac vice)
Epstein Becker & Green, P.C.
1875 Century Park East, Suite 500
Los Angeles, CA 90067-2506
(310) 557-9542
(310) 553-2165 (fax)

Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2007, a copy of DaVita Inc.'s

Opposition To Plaintiff' Motion To Strike Defendant's Consent Motion For Extension Of

Time To File Reply And Request For Sanctions was served through the Court's

Electronic Court Filing system to counsel listed below:

       David A. Branch
       Law Office of David A. Branch
       1825 Connecticut Avenue, NW
       Suite 690
       Washington, D.C. 20009


                    /s/ Minh N. Vu
                 Minh N. Vu