UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES MASON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 06-1319 (RMC) |
| DAVITA INC., | ) ) ) |
| Defendant. | ) ) |

**ORDER**

When lawyers forget that it is their clients who are having a legal dispute, and instead substitute themselves as the direct contestants, it usually ends up costing the clients more money. This case is a perfect example.

The Court ordered Plaintiff to file his opposition to Defendant's motion for summary judgment on or before August 3, 2007, after granting a requested eight-day extension on the original schedule. Defendant suggests that Plaintiff actually filed his opposition on August 4 without a motion for leave to file late or any explanation. *See* Consent Mot. by Davita [Dkt. #30] at 2. Defendant's initially filed opposition to the motion for summary judgment contained few record citations, no declarations, and no exhibits. On August 6, 2007, Plaintiff filed a notice of withdrawal of the August 3, 2007, filing and then filed another opposition with a new six-page declaration and five exhibits. *See* Plaintiff's Corrected Opposition [Dkt. #29].

Considering this approach to constitute a unilateral grant of a three-day extension, Defendant filed a motion for a three-day extension of its due date for its reply. The motion was

titled, "Consent Motion by Davita Inc. For An Extension Of Time To File Its Reply Brief in Support of Its Motion for Summary Judgment on Count 1 of the Second Amended Complaint." *See* [Dkt. #30]. In the text, Defendant stated, "Plaintiff consents to the requested extension." *Id.* at 1. Defendant made it a point to recite that Plaintiff's filing of his opposition was tardy and noted the marked contrast between the two oppositions. *See id*. at 1-2.

Plaintiff promptly filed a Motion to Strike Defendant's Consent Motion on the premise that "Plaintiff did consent to Defendant's request for a three day extension of the deadline to file a reply but Plaintiff did not consent, and Defendant's counsel should have known that Plaintiff would never consent to her unnecessary and unfounded attacks on Plaintiff, contained in the motion." *See* Pl.'s Mot. to Strike Def.'s Consent Mot. [Dkt # 31] at 1.

The Court considers counsels' conduct to be in breach of its scheduling Order which explicitly directs counsel to conduct themselves in a civil and professional manner at all times. The Court notes a pattern of similar lawyer disputes in this case.

Defendant's request for a three-day extension is hereby **GRANTED**.

Counsel for both parties are **ORDERED TO SHOW CAUSE** why the Court should not require them to submit to the Court all records for the time spent by Plaintiff's counsel on his second Opposition and his Motion to Strike; and all time records for the time spent by Defendant's Counsel on the Consent Motion, so that the Court can determine reasonable attorney's fees for these pleadings. Responses to this Order shall be filed within seven days. No extensions will be granted.

**SO ORDERED.**

_____/s/_____
ROSEMARY M. COLLYER


Case 1:06-cv-01319-RMC    Document 35    Filed 08/08/2007    Page 3 of 3

United States District Judge

DATE: August 8, 2007