UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MASON<br>717 Ingraham Street, NW<br>Washington, D.C. 20012,<br><br>     Plaintiff,<br><br> v.<br><br>DAVITA INC.<br>601 Hawaii Street<br>El Segundo, CA 90245,<br><br>     Defendant. | )<br>)<br>)<br>) Civil Action No. 06-1319 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION OF PLAINTIFF JAMES MASON AND DEFENDANT DAVITA INC. TO VACATE THE COURT'S ORDER TO SHOW CAUSE**

Pursuant to Federal Rule of Civil Procedure 7(b) and Local Civil Rule 7, Plaintiff James Mason and Defendant DaVita Inc. ("DaVita") hereby jointly move the Court to vacate the portion of its August 8, 2007 Order requiring the Parties' counsel to "SHOW CAUSE why the Court should not require them to submit to the Court all records for the time spent by Plaintiff's counsel on his second Opposition and his Motion to Strike; and all time records for time spent by Defendant's Counsel on the Consent Motion."

First and foremost, the undersigned counsel wish to apologize for burdening the Court with their respective filings of DaVita's Consent Motion by DaVita Inc. for an Extension of Time to File its Reply Brief in Support of Its Motion for Summary

Judgment on Count I of the Second Amended Complaint (the "Consent Motion")[1] and Plaintiff's Motion to Strike Defendant's Consent Motion for Extension to File Reply and Request for Sanctions (the "Motion to Strike").  The undersigned counsel would like to assure the Court that, in the future, they will make every effort to work out their disputes in a civil and professional manner without the Court's involvement.

Counsel for DaVita spent a minimal amount of time to prepare and file the Consent Motion and did not intend to charge DaVita for preparing DaVita's Opposition to Plaintiff's Motion to Strike, or the Errata sheet for the Consent Motion.  Thus, to the extent that the Court is concerned about DaVita incurring additional costs as a result of the Parties' dispute over the Consent Motion, that dispute did not result in any additional costs.  The Consent Motion itself had to be drafted in order to request the three-day extension which the Court granted on August 8, 2007, and, as stated, the time spent on it was minimal.  Counsel for Plaintiff also spent a minimal amount of time preparing and filing the Opposition and Motion to Strike.

Under the circumstances, the Parties' counsel jointly request that they not be required to show cause as to why the Court should not require them to submit their time records for Plaintiff's second Opposition to the Motion for Summary Judgment, Plaintiff's Motion to Strike, and Defendant's Consent Motion.

---

[1] After receiving Plaintiff's objection to the characterization of this motion as a "consent" motion, DaVita immediately filed an Errata on August 7, 2007, striking the word "consent" from the title of the document.

        Respectfully submitted,

Dated: August 10, 2007

\_\_/s/ Minh N. Vu_____
Minh N. Vu (Bar No. 444305)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Washington, D.C. 20037
Tel: (202) 861-0900
Fax: (202) 861-3541


\_\_\_\_/s/ Joseph T. Ortiz_____
Joseph T. Ortiz
(admitted pro hac vice)
Epstein Becker & Green, P.C.
1875 Century Park East, Suite 500
Los Angeles, CA 90067-2506
(310) 557-9542
(310) 553-2165 (fax)

Counsel for Defendant


\_\_\_\_/s/ David A. Branch_____
David A. Branch (Bar No. 438764)
Law Offices of David A. Branch
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C. 20008
(202) 785-2805


Counsel for Plaintiff

Case 1:06-cv-01319-RMC   Document 36   Filed 08/10/2007   Page 4 of 4