**EXHIBIT 31**

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MASON<br>717 Ingraham Street, NW<br>Washington, D.C. 20012,<br><br>Plaintiff,<br><br>v.<br><br>DAVITA INC.<br>601 Hawaii Street<br>El Segundo, CA 90245,<br><br>Defendant. | )<br>)<br>)<br>) Civil Action No. 06-1319 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CORRECTED DECLARATION OF KATHERINE HULICK

I, Katherine Hulick, declare as follows based on my personal knowledge:

1. I am a Physician Assistant and the Medical Administrator at the Employee Health Service department located in the George Washington University Hospital (GWUH) at 900 23rd Street, N.W. in Washington, D.C. I have continuously held this position since August 2006. I am employed by Medcor Inc. which has a contract with GWUH to operate the Employee Health Service department.

2. On August 9, 2007, I executed a Declaration in this matter which I later determined contained several inaccuracies. I hereby revoke the prior Declaration and submit this one in its place.

3. The Employee Health Service is a separate department from the acute dialysis center at GWUH. I have no relationship with DaVita Inc. ("DaVita") and have never been employed by DaVita.

4. In 2006 and continuing to the present, GWUH has had a policy in place which requires all persons who wish to work at GWUH, whether as an employee of the hospital or as the employee of a contractor or subcontractor, to undergo a medical clearance process. No patient service employee can work at GWUH without having successfully completed the medical clearance process.

5. The Employee Health Service department is responsible for administering the medical clearance process referenced in paragraph 3 above.

6. The medical clearance process entails, among other things, a physical examination, a 2-step PPD test for tuberculosis, and the provision of an immunization record for measles, mumps, and rubella vaccinations. If proof of the immunization history is not available, proof of immunity must be obtained through a blood test. The attached document entitled "Health Clearance Process for Prospective Employees" (Attachment 1), provides further details concerning the requirements of this process that were effective in 2006.

7. A 2-step PPD involves the following procedure, done twice within the same year, but at least one week apart: A substance is inserted into the skin of the patient and then the insertion location must be examined by medical personnel between 48 to 72 hours later to see if there is a reaction.

8. As the Medical Administrator at the Employee Health Service department, I am responsible for overseeing the operations of the Service and the maintenance of all records in this department. It is the regular practice of the Employee Health Service department to open and maintain a file for every person who undergoes the medical clearance process, and to promptly update the file as new information is obtained.

9. According to our records, which I have carefully reviewed, Mr. James Mason first came to the Employee Health Service department on November 9, 2006 and the Service inserted the first PPD skin test on that day. Mr. Mason had the results of the test read elsewhere and faxed the results to the Service on January 12, 2007. The results showed that the PPD was non-reactive, and the Service considered this test to be valid.

10. On December 19, 2006, Mr. Mason returned to the Service and my colleague, Dorothy Fliou, a Physician Assistant, conducted the physical examination of Mr. Mason. The Service's Medical Assistant, Talaya Cook, inserted the second PPD skin test on that day. Mr. Mason was required to come back for us to read the results of the PPD test between 48 and 72 hours after December 19, 2006, but our records do not show that he either returned to have the results read or sent in proof that the skin reaction was read by other medical personnel. Accordingly, we considered this test to be void. Since a 2-step PPD requires *two* insertions and readings, Mr. Mason did not fulfill the requirement for a 2-step PPD.

11. We have no record of nor is anyone on the staff of the Employee Health Service department aware of any further contact or communication with Mr. Mason after January 12, 2007.

12. In addition, Mr. Mason was required to submit documentation regarding his immunization record. Mr. Mason said that he would bring in his immunization record but he never did. Our records show that he never provided any documentation of his immunization history.

13. Because Mr. Mason did not complete the 2-step PPD or provide his immunization record to the Employee Health Service department, he did not complete the mandatory medical screening process at GWUH. Had Mr. Mason completed this process, the Employee Health

Service would have issued to him a "Hospital Employee Health Service Health Clearance Form" stating that he had completed the process. A copy of this form would have been retained in our files. This form is not in Mr. Mason's file.

14.  To the best of my knowledge, a complete and accurate copy of all the records regarding Mr. Mason contained in the files of the GWUH Employee Health Service is in Attachment 2 to my declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 23, 2007

Katherine Hulick

- 4 -

ATTACHMENT 1



Employee Health Service
George Washington University Hospital
901 23rd Street, NW, Suite 2310
Washington, DC 20037
202/715-4275 (Phone)  4096
202/715-4278 (Fax)

## HEALTH CLEARANCE PROCESS FOR PROSPECTIVE EMPLOYEES

To keep George Washington University Hospital employees and patients safe and healthy and to comply with the requirements of the District of Columbia Department of Consumer and Regulatory Affairs (DCRA), all prospective employees and contract personnel must be screened for infectious diseases in the Employee Health Service (EHS) prior to beginning employment. The following must be completed prior to your start date.

1) **Appointment.** Attend a pre-scheduled appointment with Employee Health Service for a physical examination (a copy of a physical exam that states you are cleared to work for the position you are being hired for will be accepted if it has been completed within 3 months, however, this does not exempt you from the appointment), immunization review, and tuberculosis screening. Appointments are scheduled through Resource Scheduling by calling 202/715-4907. YOU MUST BRING YOUR OFFER LETTER WITH YOU TO THE APPOINTMENT.

2) **Immunizations.** Documentation regarding the following is mandatory:

   Rubeola/Measles – 2 documented doses or proof of immunity by blood test. If you were born in 1956 or earlier only one dose is required.
   Mumps – 1 documented dose or proof of immunity by blood test.
   Rubella – 1 documented dose or proof of immunity by blood test.
   Chicken pox disease/Varicella – a history of disease or proof of immunity by blood test.

   Documentation regarding the following is helpful, although not mandatory:

   *date of last tetanus and diphtheria (Td) booster
   *date(s) of hepatitis B vaccine

   EHS will provide immunizations as needed. A blood test will only be ordered in certain conditions.

3) **Tuberculosis screening.** Screening for active and latent TB infection is mandatory. A 2-step PPD (TB test) is performed on all prospective employees. Please bring any documentation of prior PPD testing and/or chest xrays to your appointment. If you have a history of positive PPD, documentation must be provided or a PPD will be placed. EHS will provide PPDs and/or chest x-ray as needed.

   > Please note that having received the BCG vaccine as a childhood immunization does not provide an exemption from the above requirements.

   Again, please bring your offer letter and any available documentation regarding immunizations and tuberculosis screening to your appointment!

   > **PLEASE NOTE**
   > You will not be permitted to attend any part of new employee orientation or begin work until the above requirements have been fulfilled and you have been medically cleared. We suggest that you allow yourself 2 weeks prior to your anticipated start date to complete the above process. Please call EHS with any questions or for more information.

ATTACHMENT 2

xxx

JAN-12-2007 FRI 08:56 AM                    FAX NO.                    P. 01

3223 K Street N.W. Suite 110
Washington, D.C. 20007
Office (202) 333-5211
Fax    (202) 333-4822

**DAVITA DIALYSIS
GEORGETOWN
CENTER #190**



To: Employee Health         From: James Mason

Fax:                        Pages:

Phone: (202) 723-0245       Date:

Re:                         CC:

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● Comments:  PPD test results

will send Hep results next week

**THE REMAINING PAGES FROM ATTACHMENT 2 OF THE CORRECTED DECLARATION OF KATHERINE HULICK HAVE NOT BEEN INCLUDED BECAUSE THEY CONTAIN CONFIDENTIAL MEDICAL INFORMATION. THEY ARE AVAILABLE FOR THE COURT'S REVIEW UPON REQUEST.**

xxx