Exhibit 1

UNITED STATES DISTRICT COURT FOR  THE
DISTRICT OF COLUMBIA

JAMES MASON                               )
717 Ingraham Street, NW                    )
Washington, D.C. 20012,                    )
                                           )      Civil Action No. 06-1319 (RMC)
          Plaintiff,                       )
                                           )
    v.                                     )
                                           )
DAVITA INC.                                )
601 Hawaii Street                          )
El Segundo, CA 90245,                      )
                                           )
          Defendant.                       )
_____ )

## DAVITA INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS RELATING TO 2007 RETALIATION ALLEGATIONS

Pursuant to Federal Rule of Civil Procedure 26(e), Defendant DaVita Inc.

(DaVita) hereby supplements its prior objections and responses (dated August 8,

2007 and August 22, 2007) to Plaintiff James Mason's Second Set of

Interrogatories and Document Requests dated July 5, 2007, with factual

developments from 2008.  Unless expressly noted, DaVita's prior Preliminary

Statement, General Objections, and Specific Objections remain unchanged and

are incorporated herein by reference.

### SPECIFIC SUPPLEMENTAL OBJECTIONS AND RESPONSES

**Interrogatory No. 2:  For each person identified in response to Interrogatory No. 1 above, state the facts that you contend are known to each person in response to each allegation.**

**Supplemental Response to Interrogatory No. 2:**

DaVita supplements its prior response dated August 8, 2007 (the "August 8, 2007 Response) due to developments in 2008 that necessitate supplementation of the following statements on page 7 and page 8:

- "From the time Mr. Mason first contacted the GWUH DaVita Facility (November 2006) to the present, the Facility has had no actual need for another PCT, and no PCT other than Shanna McGill has worked at this facility."

- "She [Shanna McGill] is the only PCT to have worked at the GWUH DaVita Facility since the beginning of November 2006 to the present [August 8, 2007]";

As explained in the Supplemental Response to Interrogatory No. 4, DaVita in 2008 used the services of three DaVita PCTs (other than Shanna McGill) at the GWUH DaVita Facility on a few, limited occasions due to a temporary increase in patient census and/or a nurse staffing shortage.

In addition to Omowunmi Oloyede, the Facility Administrator at the GWUH DaVita Facility, the following DaVita employees would have knowledge of DaVita's use of these employees at the GWUH DaVita Facility:

Matt Weissert, DaVita Regional Operations Director
(contact through counsel)

Cora Benedicto, DaVita Facility Administrator
(contact through counsel)

Edsell Basco, DaVita Patient Care Technician
(contact through counsel)

Titilayo Lawal, DaVita Patient Care Technician
(contact through counsel)

Tsehaye Retta, DaVita Patient Care Technician
(contact through counsel)

A corporate representative from DaVita's payroll department (contact through counsel)

A corporate representative from DaVita's Human Resources Department (contact through counsel)

The corporate representatives from DaVita's payroll and human resources department have access to information about the hours, compensation and job duties of all DaVita employees who worked at the GWUH DaVita Facility, as well as Mr. Mason's hours, compensation and job duties from November 2, 2006 to the present.

**Interrogatory No. 3:** **For each fact set forth in response to Interrogatory No. 1 above, identify any and all documents that describe, support, or otherwise reflect the facts known to each person.**

**Supplemental Response to Interrogatory No. 3:**

DaVita will produce documents relating to the use of the three PCTs on a temporary basis at the GWUH DaVita Facility in 2008 which consists of e-mails regarding staffing needs at this facility, patient procedure counts, and payroll and time records showing the dates on which these individuals worked at this facility.

See DAV-03005-3093, 3122-3131, 3138-3190.

**Interrogatory No. 4:** **Describe in detail why Plaintiff was not allowed to work in the position of patient care technician at DaVita's acute facility at George Washington Hospital, and provide a summary of all communication between Plaintiff and the facility administrator concerning the position, and the facility administrator and anyone else concerning Plaintiff filling the position.**

**Supplemental Response to Interrogatory No. 4:**

DaVita supplements its prior response dated August 22, 2007 (the "August 22, 2007 Response") due to developments in 2008 that necessitate supplementation as follows:

In its August 22, 2007 Response, DaVita stated that "[a]fter Mr. Mason met with Ms. Oloyede on November 2, 2006, the GWUH DaVita Facility had no need for the services of a PCT other than Shanna McGill, who had been the on-staff PCT at this Facility since May 2006.  No PCT other than Ms. McGill worked at this facility from November 2006 to the present.  Thus, DaVita had no reason to call upon Mr. Mason to fill in even if he had been eligible to work (which he was not)."

DaVita did not use the services of any PCT other than Shanna McGill at the GWUH DaVita Facility until February 23, 2008.  From February 23, 2008 through the end of April 2008, the GWUH DaVita Facility experienced a high volume of patients and had a need for temporary additional staffing.  DaVita used the services of three DaVita PCTs who were and continue to be on the staff at other DaVita dialysis centers to provide temporary assistance.  They are Edsell Basco (PCT), Titilayo Lawal (PCT), and Tsehaye Retta (PCT).  These individuals worked on the following days:

| Name of PCT | Dated worked at GWUH Facility | Total hours |
|---|---|---|
| Edsell Basco (PCT) | 3/27/08 | 9 |
| | 3/31/08 | 6.92 |
| | 4/5/08 | 6.26 |
| | 4/9/08 | 7.77 |
| | 4/11/08 | 5.85 |
| Titilayo Lawal (PCT) | 2/23/08 (Note that Ms. Lawal's time for this date was input on 3/29/08) | 12 |
| | 2/25/08 | 7 |
| Tsehaye Retta (PCT) | 4/7/08 | 11 |

Mr. Mason was not called to work at this time because the GWUH DaVita Facility Administrator, Olowunmi Oloyede was extremely busy handling the increased patient census and she did not think to call Mr. Mason. Rather, Ms. Oloyede asked her Regional Operations Director, Matt Weissert, to find her help from other DaVita facilities. Mr. Weissert, who was unaware of Mr. Mason's legal action against the Company, sent out an e-mail to all Facility Administrators in his region on February 19, 2008 requesting that they identify nurses who could provide assistance at the GWUH DaVita Facility. Cora Benedicto, the Facility Administrator at the DaVita dialysis center located at 2131 K Street, N.W., Washington, D.C. 20037 (the "K Street Facility"), responded by asking members of her own staff to assist. Mr. Basco and Ms. Retta volunteered and were sent by Ms. Benedicto to help at the GWUH DaVita Facility.

Gladys Howard, the Facility Administrator of the DaVita facility located at 5155 Lee Street, N.E., Washington, D.C. 20019 (the "Grant Park Facility") also received Mr. Weissert's e-mail and posted it at her facility. Titilayo Lawal, a PCT at the Grant Park Facility responded to this request and provided assistance on two occasions.

DaVita's prior response that Mr. Mason would not have been eligible to work at the GWUH Facility had there been a need because he had not completed the medical/health screening process required by the George Washington University Hospital ("GWUH") requires clarification. In February 2008, Ms. Oloyede learned from GWUH that agency nurses who are brought in to work on a temporary basis at the hospital are not required to go through the

GWUH Employee Health Service medical/health screening process.  Based her

understanding of this exception, Ms. Oloyede allowed Mr. Basco, Ms. Lawal, Ms.

Retta, and DaVita nurses who had volunteered to provide temporary assistance

to work at the GWUH DaVita Facility without going though the Employee Health

Service process.

**Interrogatory No. 5:  Describe in detail the positions held and the duties performed by the individuals selected for the position of patient care technician at Davita's acute facility at George Washington Hospital.**

**Response to Interrogatory No. 5:**

DaVita supplements its August 8, 2007 Response due to developments in

2008 that necessitate supplementation as follows:

In its prior response, DaVita stated that "[n]o PCT other than Shanna

McGill worked at the GWUH DaVita Facility from November 2006 to the present

[August 8, 2007]."  DaVita incorporates its Supplemental Response to

Interrogatory No. 4 with regard to the use of PCTs at the GWUH DaVita Facility

since February 23, 2008.

**Interrogatory No. 7:  Identify by name, address, telephone number, race and gender, each individual who applied for or performed the duties of the patient care technician position at the acute facility from 2005 through the present, and indicate the date of application or contract if the employee was a contract employee, all steps followed in the application process, if the individual was offered and accepted the position, and the reason the individual was not selected.  Also identify by name, race, gender and position, each employee involved in the selection process.**

**Response to Interrogatory No. 7:**

DaVita supplements its prior August 8, 2007 Response because

developments in 2008 necessitate supplementation as follows:

DaVita's August 8, 2007 Response stated that "the GWUH DaVita Facility did not have a need for an additional PCT from the time Mr. Mason met with Ms. Oloyede in November 2006 to the present [August 8, 2007]. From November 2006 to the present [August 8, 2007], no one applied for a PCT position at the GWUH DaVita Facility and no PCT worked at this Facility other than Shanna McGill, the on-staff PCT who started working at the Facility in May 2006." As explained in DaVita's Supplemental Response to Interrogatory No. 4, since February 23, 2008, DaVita has used the services of three DaVita PCTs other than Shanna McGill on a few occasions to provide temporary staffing at the GWUH DaVita Facility. The prior statement that no one has ever applied for a PCT position at the GWUH DaVita Facility since November 2, 2006 is the still the case. In addition, no PCT has been hired to be on the staff at the GWUH Facility since Mr. Mason's inquiry on November 2, 2006.

The process by which the three DaVita PCTs came to provide temporary assistance at the GWUH DaVita Facility has been described in Supplemental Response to Interrogatory No. 4. The other requested information is as follows:

Edsell Basco
Gender: Male
Race: Asian

Titilayo Lawal
Gender: Female
Race: Black

Retta Tsehaye
Gender: Female
Race: Black

All of these individuals are employees of DaVita and should be contacted through counsel.

**Interrogatory No. 9: Describe in detail the number of hours PCT duties [that] [sic] were performed at the acute care facility before and after December 2006, and indicate who performed those duties and how they came to perform those duties.**

**Response to Interrogatory No. 9:**

DaVita supplements its August 8, 2007 Response developments in 2008 necessitate supplementation as follows:

DaVita's August 8, 2007 Response stated that "Shanna McGill is the only PCT to have worked at the GWUH DaVita Facility since her start date of May 22, 2006 to the present [August 8, 2007]." As explained in DaVita's response to Interrogatory No. 4, since February 23, 2008, DaVita has used the services of three other PCTs on a few occasions to provide temporary staffing at the GWUH DaVita Facility.

DaVita will produce records showing the number of hours worked by every DaVita employee at the GWUH DaVita Facility since November 2006. DaVita will also produce the time cards for Ms. Lawal, Mr. Basco, and Ms. Retta for the pay periods in which they provided temporary assistance at the GWUH DaVita Facility which will show the days on which they worked and the number of hours worked. DaVita will also produce the time cards for Mr. Mason for 2008 showing the days on which he was working at the Georgetown on the Potomac DaVita Facility, in addition to his full payroll records from November 2006 to the present.

The number of hours worked by DaVita employees at the GWUH DaVita Facility prior to November 2006 is not reasonably calculated to lead to admissible

evidence because Mr. Mason did not inquire about working at the GWUH DaVita

Facility prior to that date.

**DAVITA'S SUPPLEMENTAL REPONSES TO REQUESTS FOR DOCUMENTS**[1]

**Document Request No. 1:  All documents or electronic mail identified or relied upon in your Answers to Interrogatories.**

**Response to Document Request for No. 1:**  Subject to the General Objections

and Responses, DaVita will produce responsive documents relating to the

temporary use of the three PCTs at the GWUH DaVita Facility on or after

February 23, 2008, the number of procedures performed at the facility, and Ms.

Oloyede's request for staffing assistance at this facility.  See DAV-03005-3093,

3122-3131, 3138-3190.

**Document Request No. 3:  All documents which in any way refer to the Plaintiff, and the individuals who performed PCT duties in the acute care position from 2006 through the present, including the complete personnel files of Plaintiff, and the individuals who performed the duties.**

**Supplemental Response to Document Request for No. 3:**

---

[1]  In DaVita's Responses to Document Requests 4, 7, and 8 dated August 8, 2007, DaVita stated that there was no need for the services of any PCTs other than Shanna McGill at the GWUH Facility and that no PCT other than Shanna McGill had worked at the GWUH Facility from the time Mr. Mason made his inquiry in November 2006 to the date of the response, August 8, 2007.  As explained in DaVita's supplemental interrogatory responses, DaVita has used the services of three PCTs other than Shanna McGill since February 23, 2008 on a few occasions.  In addition, DaVita had stated that had there been a need for a PCT's services, Mr. Mason would not have been able to work because he had not completed the mandatory GWUH Employee Health medical/health screening process.  While this continues to be the GWUH policy, Ms. Oloyede learned in February of 2008 that agency nurses called to work on a temporary basis do not need to go through the Employee Health Service medical/health screening process. Thus, she did not send the three DaVita PCTs and DaVita nurses who provided temporary services at the GWUH DaVita Facility to the GWUH Employee Health Service for a medical/health screening.

DaVita makes no change to its prior objections and response dated

August 8, 2007 and incorporates them by reference.  As previously stated,

DaVita will produce payroll and timekeeping records that will show the dates on

which Mr. Basco, Ms. Retta, and Ms. Lawal worked at the GWUH DaVita Facility

and their earnings from this work.  See DAV-03138-03190.  DaVita will also

produce payroll records showing every DaVita employee who worked at the

GWUH DaVita Facility from November 2, 2006 to the present.  Id.  DaVita objects

to providing the personnel files of or any other documents about Mr. Basco, Ms.

Retta, and Ms. Lawal because their work at the GWUH Facility was very limited

and the requested documents are neither relevant to the claim or defense of any

party nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 4:  The applications and interview notes of all
individuals who applied for PCT position(s) at the acute facility from 2005
through the present, and the complete personnel files of all individuals who
performed PCT duties at the acute care facility  from 2005 through the
present.**

**Response to Document Request for No. 4:**

DaVita makes no change to its prior objections dated August 8, 2007 and

incorporates them by reference.   DaVita further states that there are no

applications or interview notes relating to any individuals who applied for PCT

positions after Mr. Mason inquired about working at the GWUH DaVita Facility on

November 2, 2006 because no PCT position was available and no one applied

for such a position from that date to the present.  DaVita objects to providing the

personnel files or any other documents about the three DaVita PCTs who

provided temporary assistance at the GWUH DaVita Facility because their work

at this facility was limited and the requested documents are neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 9:** **Any and all documents detailing compensation paid to all individuals selected for PCT positions at the acute care facility from 2005 through the present.**

**Response to Document Request for No. 9:**

DaVita makes no change to its prior objections dated August 8, 2007 and incorporates them by reference.  DaVita further states that since August 8, 2007, there have been no individuals "selected for PCT positions" at the GWUH DaVita Facility, although three PCTs from other DaVita facilities provided temporary assistance on the dates specified in DaVita's Supplemental Response to Interrogatory No. 4.  DaVita will produce documents showing the compensation paid to these individuals for their work at the GWUH DaVita Facility. See DAV-03138-03190.

Dated:  July 15, 2008

Respectfully submitted,

By: _____

Minh N. Vu (Bar No. 444305)
Frank C. Morris, Jr. (Bar No. 211482)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Washington, D.C. 20037
Tel: (202) 861-0900
Fax: (202) 296-2882

Counsel for Defendant

## VERIFICATION

I, Omowunmi Oloyede, RN, declare as follows:

I am the Facility Administrator of the DaVita acute dialysis facility located in the George Washington University Hospital and am authorized to make this verification for and on behalf of DaVita Inc. ("DaVita").

I have read DaVita's July 15, 2008 Supplemental Objections and Responses to Plaintiff's Second Set of Interrogatories dated July 5, 2007, and am familiar with the contents thereof. The responses to said interrogatories were prepared by DaVita's counsel with the assistance of employees of DaVita, upon whose advice DaVita has relied. I am informed that there is no single officer or employee of DaVita who has personal knowledge of all the matters inquired into by the interrogatories. I further am informed and believe that the matters stated in the responses are true and accurate, and on that ground I allege that to the best of my knowledge and belief, the matters stated in such responses are true and accurate.

DaVita and I reserve the right to make any changes in the aforesaid responses if it should appear at any time that omissions or errors have been made or that additional or more accurate information has been obtained.

_____
Omowunmi Oloyede

12

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of July, 2008, a copy of DaVita Inc.'s

Supplemental Objections and Responses to Plaintiff's Second Set of

Interrogatories and Request for Production of Documents Relating to 2007

Allegations was sent by overnight mail to counsel listed below:

David A. Branch
Law Office of David A. Branch
1825 Connecticut Avenue, NW
Suite 690
Washington, D.C. 20009

_____
Minh N. Vu