Exhibit 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES MASON,

              Plaintiff,

   v.

DAVITA INC.

              Defendant.

Civil Action No.: 06-1319 (RMC)

## DAVITA INC.'S INTERROGATORIES
## TO PLAINTIFF JAMES MASON REGARDING CLAIM OF RETALIATION IN 2007

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Local Civil Rule 104, and the Court's order of May 29, 2007, regarding discovery on the 2007 retaliation claim, Defendant DaVita Inc. ("DaVita" or "Defendant") hereby requests that Plaintiff James Mason (" Mason" or "Plaintiff") fully respond to the following interrogatories in writing, under oath, within thirty (30) days after service hereof.

### DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the meanings indicated below:

A.    "Person" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, its agents or employees.

1

B.      "You," "Your" and "Plaintiff" refers to Plaintiff, James Mason, and to each person, who, with respect to the subject matter of the request, was or is acting on said Plaintiff's behalf, including any consultants, experts, investigators, agents or other persons.

C.      "Defendant" or "DaVita" refers to defendant DaVita Inc., any of its current or former employees, officers, agents, or representatives.

D.      The term "communication" is defined by way of illustration and not by way of limitation, as the following: an exchange of words, thoughts or ideas whether by document or by conversation.

E.      "Second Amended Complaint" refers to the Second Amended Complaint that the Court in its May 21, 2007 order allowed Plaintiff to file in this action.

F.      As used herein, the term "document" includes, but is not limited to, the original, regardless of origin or location, of any correspondence, e-mail, book, pamphlet, periodical, letter, diary, memorandum, telegram, cable, calendar, report, record, study, stenographic or handwritten note, working paper, invoice, voucher, check, statement, chart, graph, map, diagram, blueprint, table, index, picture, voice recording, tape, computer data or electronic communication, microfilm, tape data sheet or data processing card or disc or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and copies or reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced.

G.      "Relate to" or "evidence" means any and all information and comments which refer or pertain to, reflect upon, or are in any way logically or factually connected with or may afford any information regarding the matters discussed.

2

H.    The singular form of a word used herein shall be construed to mean the plural and the plural to mean the singular when doing so would ensure the provision of additional information or more complete answers, and to avoid the questions herein being considered ambiguous, inaccurate or confusing.

I.    "And" and "or" as used herein shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete answers and to avoid the questions herein being considered ambiguous, inaccurate or confusing.

J.    "Describe in detail" means to provide all facts, names, addresses and telephone numbers, dates, places, times, conclusions, legal bases, reasons, expectations, understanding, and other information necessary to answer squarely and fully the entire inquiry, with particularity and specificity.

K.    "Identify" or "identity" shall have the following meanings and contexts, unless specified otherwise:

     1.    to "identify" a natural person shall mean to state:

         a.    their name;

         b.    their current or last known home and business address;

         c.    their current or last known home and business telephone number;

         d.    their current or last known employer;

         e.    if ever an employee of Defendant's, the job or position title held at any time and the dates of service in each such job or position held; and

DC:996158v1                                                                                    3

f.    if a former employee of Defendant's, the date of and reasons for termination of employment.

2.    to "identify" some entity other than a natural person shall mean to state:

a.    its full name;

b.    the nature of its organization (i.e., corporation, partnership, association, joint venture, or the like);

c.    the current or last known street address, mailing address, and telephone number of its principal offices; and

d.    the state or other jurisdiction in which it is incorporated or organized and existing and the date of such incorporation or organization.

3.    to "identify" a document shall mean to state:

a.    the date of execution or preparation;

b.    its present location and custodian;

c.    the identity of each author and recipient thereof; and

d.    the nature and subject matter thereof.

4.    to "identify" a conversation shall mean to state:

a.    the time and date of the conversation;

b.    where the conversation took place;

c.    the identity of each person present at the time of the conversation;

d.    the verbatim content and nature of the conversation; and

e.    the identification of any documents as defined above which reflect or relate to such conversations.

M.    This request shall be deemed to be continuing so as to require further and supplemental responses if Plaintiff finds, learns, receives or generates additional information responsive to those interrogatories between the time of original response and the time of trial.

## INTERROGATORIES

Interrogatory No. 1:    Identify each and every person who has knowledge of any facts relating to your claim that DaVita unlawfully retaliated against you in 2007, and with regard to each:

(a) describe in detail the subject matter about which the person has knowledge, including each fact related to your allegations about which the person has knowledge; and

(b) identify all documents in the person's possession which relate to your allegations.

Interrogatory No. 2:    Identify each and every employee or representative of DaVita with whom you communicated about a position at the dialysis facility at George Washington University Hospital ("GWU") referenced in paragraph 12 of the Second Amended Complaint and describe the date, content, and mode of the communications.

Interrogatory No. 3:    With reference to each person whom you expect to call as an expert witness at trial with regard to your claim that DaVita unlawfully retaliated against you in 2007, please:

(a) identify each expert, including said expert's address, occupation and qualifications as an expert;

(b) state the substance of all facts and opinions to which each expert is expected to testify, including the grounds for each opinion of said expert;

(c) list all publications authored by this witness in the last ten (10) years;

(d) list all cases in which the expert has testified at trial or in depositions in the past four (4) years;

(e) the compensation to be paid by the witness by you;

(f) describe all communications you have had with this expert; and

(g) describe all work performed by this expert on your behalf.

Interrogatory No. 4: Identify all exhibits that you intend to introduce at trial relating to your claim that DaVita unlawfully retaliated against you in 2007.

Interrogatory No. 5: Identify all persons whom you intend to call at trial relating to your claim that DaVita unlawfully retaliated against you in 2007 (including damages caused by such alleged retaliation) and describe the nature of their testimony.

Interrogatory No. 6: Describe in detail any and all damages to which you contend you are entitled as a result of Defendant's alleged retaliatory acts in 2007, including a statement of both the total amount of those damages and each element thereof, a description of how these were calculated, and the factual and legal basis for such damages, and the identity of all persons with knowledge of such damages.

Interrogatory No. 7: Describe in detail any communications (oral or written) that you have had with any person (other than your attorneys), including the Defendant, concerning your claim that DaVita unlawfully retaliated against you in 2007. To

6

"describe in detail" within the meaning of this interrogatory includes identification of the persons with whom you had the communication, the date of the communication, the type of communication, and the substance of the communication.

Interrogatory No. 7: Identify any persons whose statements you or your agents have obtained relating to your claim that DaVita Rx unlawfully retaliated against you in 2007.

Interrogatory No. 8: Identify and describe in detail any and all injuries (physical or emotional) that you claim to have sustained as a result of the alleged retaliation by DaVita in 2007 and identify all persons who have knowledge of such injuries.

Interrogatory No. 9: If you identified any injuries in response to Interrogatory no. 8, identify any and all health care providers (including mental health care professionals) with whom you have discussed such injuries and, with regard to each, describe any diagnoses made or regimens prescribed by such health care provider.

Interrogatory No. 10: If you have identified any health care providers in response to Interrogatory No. 9, identify any health care providers (including mental health care professionals) that you consulted from 1996 through the present date, and with regard to each describe any diagnoses made or regimens prescribed by such health care provider.

Interrogatory No. 11: Describe in detail every step that you took to identify and apply for the position at the dialysis center at GWU referenced in the Second Amended Complaint, including (a) how you learned about the position; (b) every written or oral communication that you had with a DaVita employee or representative regarding the application, and (c) how and when you learned that you were not hired for the position.

DC:996158v1                                      7

Interrogatory No. 12: State all facts and identify any documents which support or

substantiate your claim that DaVita unlawfully retaliated against you in 2007 (i.e., that

DaVita was motivated by retaliatory animus) and the injuries that you claim resulted

from the alleged retaliation.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

Minh N. Vu (Bar No. 444305)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-0900
(202) 296-2882 (fax)

Joseph T. Ortiz
(admitted pro hac vice)
Epstein Becker & Green, P.C.
1875 Century Park East, Suite 500
Los Angeles, CA 90067-2506
(310) 557-9542
(310) 553-2165 (fax)

Counsel for Defendant

Dated:  June 4, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of DaVita Inc.'s

Interrogatories to Plaintiff James Mason Regarding Claim of Retaliation in 2007

was served on June 4, 2007 to counsel for Plaintiff by first class mail.

> David A. Branch, Esq.
> Law Offices of David A. Branch, PC
> 1825 Connecticut Avenue, NW, Suite 690
> Washington, DC 20009

Minh N. Vu

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MASON,<br><br>Plaintiff,<br><br>v.<br><br>DAVITA INC.<br><br>Defendant. | Civil Action No.: 06-1319 (RMC) |

## DEFENDANT DAVITA INC.'S REQUEST FOR THE
## PRODUCTION OF DOCUMENTS TO PLAINTIFF JAMES MASON CONCERNING
## 2007 EVENTS UNDERLYING THE RETALIATION CLAIM

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Local Civil Rule

104(1), and the Court's order of May 29 2007, regarding discovery on Plaintiff's 2007

retaliation claim, Defendant DaVita Inc. ("DaVita" or "Defendant"), by and through its

undersigned attorneys, hereby requests that Plaintiff James Mason ("Mason" or

"Plaintiff") produce for inspection and copying all of the documents identified below that

are in his possession, custody and control. The documents shall be produced within

thirty (30) days after service of these requests at the offices of Defendant's counsel,

Epstein Becker & Green, P.C., 1227 25th Street, N.W., Suite, 700, Washington, D.C.

20037.

Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Plaintiff is

requested to serve a written response within thirty (30) days of service of this request

which states with respect to each item or category of document requested that

inspection and copying will be permitted as requested. Plaintiff also is requested, pur-

suant to Rule 34(b), to produce the documents called for herein organized and labeled
to correspond with the categories in the request.

## DEFINITIONS AND INSTRUCTIONS

A.      As used herein, the phrase "in Plaintiff's possession, custody or control"
includes the possession, custody or control of any third party or parties to whom Plaintiff
has surrendered possession, custody or control, or who, upon Plaintiff's request, would
surrender possession, custody or control to Plaintiff.

B.      As used herein, the term "document" includes, but is not limited to, the
original, regardless of origin or location, of any correspondence, e-mail, book, pamphlet,
periodical, letter, diary, memorandum, telegram, cable, calendar, report, record, study,
stenographic or handwritten note, working paper, invoice, voucher, check, statement,
chart, graph, map, diagram, blueprint, table, index, picture, voice recording, tape,
computer data or electronic communication, microfilm, tape data sheet or data processing
card or disc or any other written, recorded, transcribed, punched, taped, filmed or graphic
matter, however produced or reproduced, and copies or reproductions of any of the above
that differ in any respect from the original, such as copies containing marginal notations or
other variations, and all other records or writings, however produced or reproduced.

C.      Each request herein is for a document or documents to be produced in its or
their entirety, without abbreviation or expurgation.

D.      In the event that any document called for by this request has been
destroyed, that document is to be identified as follows: A complete description of the
document, including, but not limited to, the addressor, addressee, indicated or blind
copies, date, subject matter, number of pages, attachments and appendices, all persons

to whom distributed, shown or explained, date of destruction, manner of destruction and person who destroyed the document.

     E.     To the extent that any of the requests herein are considered to be objectionable, respond to that portion of that request that is not objectionable and separately state that part of each request as to which Plaintiff objects and each basis for such objection.

     F.     If a claim of privilege is asserted concerning any document of which production has been requested:

         1.     identify such document with sufficient particularity to allow Defendants to bring the matter before the Court, including, but not limited to, the (a) date; (b) sender or addressor; (c) recipient or addressee; (d) number of pages; (e) subject matter; and (f) names of all persons to whom copies of any part of the document were furnished, together with an identification of their employer(s) and their job title(s);

         2.     state the nature of the privilege asserted; and

         3.     state the factual basis for any claim of privilege. To the extent factual information is contained in any such documents, the factual information should be segregated and provided.

     G.     For the purposes of these requests, unless otherwise clearly indicated, the following definitions shall apply:

1.    "Person" shall mean and include a natural person, individual, partnership, firm, corporation or any kind of business or legal entity, its agents or employees.

2.    "You," "your" or "Plaintiff" refers to Plaintiff James Mason individually, and to each person, who, with respect to the subject matter of the request, was or is acting on Plaintiff's behalf, including any consultants, experts, investigators, agents or other persons.

3.    "Defendant" or "DaVita" refers to DaVita Inc. or any of its current or former employees, officers, agents, or representatives.

4.    "Health care practitioner" means any person (whether or not licensed by any state or jurisdiction) who provides any form of health care or related services including, but not limited to, acupuncturists, chiro-practors, dentists, doctors, therapists, counselors, nurses, osteopaths, physicians, podiatrists, psychiatric or other social workers, psychiatrists, psychologists, and surgeons.

5.    The term "communication" is defined by way of illustration and not by way of limitation, as the following:  an exchange of words, thoughts or ideas whether by document, electronic communication or by conversation.

6.    "Second Amended Complaint" refers to the Second Amended Complaint that the Court, in its May 21, 2007 Order, allowed Plaintiff to file this action.

7.    "Relate to" or "evidence" means any and all information and
comments which refer or pertain to, reflect upon, or are in any way
logically or factually connected with or may afford any information
regarding the matters discussed.

8.    The singular form of a word used herein shall be construed to mean
the plural and the plural to mean the singular when doing so would
ensure the provision of additional information or more complete
answers, and to avoid the questions herein being considered
ambiguous, inaccurate or confusing.

9.    "And" and "or" as used herein shall be construed as conjunctive or
disjunctive to ensure the provision of additional information or more
complete answers and to avoid the questions herein being
considered ambiguous, inaccurate or confusing.

10.    "GWU Hospital" refers to the George Washington University Hospital.

H.    This request shall be deemed to be continuing so as to require further and
supplemental production if Plaintiff finds, receives or generates additional documents
responsive to this request between the time of original production and the time of trial.

## SPECIFIC DOCUMENT REQUESTS

Request for Production No. 1: All documents which substantiate, refer to, reflect
or relate your claim that DaVita unlawfully retaliated against you in 2007 and any
injuries resulting therefrom.

Request for Production No. 2: All documents which evidence, refer or relate to
any damages you claim to have suffered as a result of Defendant's alleged unlawful

retaliation in 2007, including, but not limited to, any documents that demonstrate how any such damages were calculated.

Request for Production No. 3: Any documents which evidence, refer to, reflect or relate to any communications between you and any person, including, but not limited to, the Defendant, about any of the facts relating to your claim that DaVita unlawfully retaliated against you in 2007.

Request for Production No. 4: All statements (whether written, transcribed or otherwise taken, signed or unsigned, sworn or unsworn) of whatever kind obtained from any person which refer to, reflect or relate to your claim that DaVita unlawfully retaliated against you in 2007.

Request for Production No. 5: All documents identified in your responses to DaVita Inc.'s Interrogatories to Plaintiff James Mason Regarding Claim of Retaliation in 2007.

Request for Production No. 6: All documents relating to any health care providers (including mental health professionals) that you have communicated with about any injuries caused by DaVita's alleged retaliatory acts in 2007, including medical records and notes relating to same.

Request for Production No. 7: All documents you intend to introduce as exhibits at trial relating to your claim that DaVita unlawfully retaliated against you in 2007.

Request for Production No. 8: All documents relating to your application for a position at the dialysis center GWU Hospital referenced in the Second Amended Complaint, including but not limited to any documents you submitted (e.g. resume, cover letter, application) and any documents that you received from DaVita.

Request for Production No. 9: All documents relating to any experts that were

retained by you in connection with your claim that DaVita Rx unlawfully retaliated

against you in 2007, including, but not limited to,

      (a)    all documents provided to and generated by any such experts;

      (b)    all publications or a listing of all publications authored by this witness within the preceding 10 years;

      (c)    a resume, curriculum vitae, and any other documents setting forth the person's qualifications to be an expert witness;

      (d)    documents setting forth the compensation to be paid to the witness for his or her study and testimony in connection with this litigation;

      (e)    a listing of all cases in which the witness has testified as an expert at trial or by deposition within the preceding four (4) years;

      (f)    all communications between you and Plaintiff and/or his counsel regarding this litigation, including agreements regarding compensation for your services in connection with this litigation;

      (g)    all documents, reports, notes or letters of any type or description used or prepared by the witness relating to Plaintiff or for this litigation;

      (h)    all documents, reports, summaries or letters available to the witness that pertain to the medical issues involved in this case;

      (i)    any and all expert reports (including drafts thereof) that have been submitted by the witness to Plaintiff or his counsel;

      (j)    any and all medical, scholastic and employment records used by the witness in arriving at any opinions he or she intends to render regarding Plaintiff, including but not limited to medical records, charts, lab slips, progress notes, X-ray films, X-ray reports, bills, billing records, photographs, pathology slides, and all other documentation relating in any way to treatment rendered to Plaintiff;

      (k)    all texts, treatises, journals, articles or other publications of any type used by the witness in the formation of his or his opinion or consulted by him or her in connection with this litigation or Plaintiff's treatment; and

      (l)    all testing protocols utilized by the witness relating to Plaintiff or this litigation.

- 7 -

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

Minh N. Vu (Bar No. 444305)
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-0900 (telephone)
(202) 296-2882 (fax)

Joseph T. Ortiz
(admitted pro hac vice)
Epstein Becker & Green, P.C.
1875 Century Park East, Suite 500
Los Angeles, CA 90067-2506
(310) 557-9542
(310) 553-2165 (fax)

Counsel for Defendant

Dated: June 4, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Defendant DaVita Inc.'s

Request For The Production of Documents To  Plaintiff James Mason Concerning 2007

Events Relating To Retaliation Claim was, on June 4, 2007, served by first class mail to

counsel for Plaintiff:

David A. Branch, Esq.
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, NW, Suite 690
Washington, DC 20009

Minh N. Vu